### PALATINE INS. CO. v. EWING et al.

#### (Circuit Court of Appeals, Sixth Circuit. March 7, 1899.)

#### No. 583.

INSURANCE—CONSTRUCTION OF POLICY—PERMISSION FOR ADDITIONAL INSURANCE.
A policy of fire insurance contained a provision that "unless otherwise provided by an agreement indorsed hereon or added thereto," the policy should be void if the insured then had, or should thereafter procure, any other contract of insurance on the property. At the time the policy was issued, an additional paper, or "rider," was attached, stating that it was attached to and formed a part of the policy, and containing a clause as follows: "Total insurance permitted is hereby limited to three-fourths of the cash value of the property hereby covered, and to be concurrent herewith." No other permit was indorsed on the policy, though there was at the time other insurance on the property, as the company knew. *Held*, that the rider constituted an agreement permitting additional insurance, within the provision in the body of the policy, which applied to the previous insurance, and to any thereafter procured, not exceeding in all three-fourths of the value of the property.

In Error to the Circuit Court of the United States for the Middle District of Tennessee.

This was an action on a policy of fire insurance. There was a verdict and a judgment for plaintiffs, and defendant brings error.

On the 3d day of April, 1895, the plaintiff in error, the Palatine Insurance Company, issued its policy of insurance in the sum of $3,000 to Gerstle Bros., on their stock of merchandise at Pulaski, Tenn. Gerstle Bros., on November 21, 1895, made an assignment, which included the insured merchandise, to the defendants in error, Solinsky and Ewing, as trustees for the benefit of their creditors. On the following day they also assigned to the said Solinsky and Ewing the above-mentioned policy of insurance. On the night of November 23, 1895, the insured property was partially destroyed by fire, the damage amounting to $16,250. There was other insurance on the property at the time when this policy was issued, and the whole amount of insurance including the latter, was $7,500. On the day before the fire occurred, the trustees, Ewing and Solinsky, procured three additional contracts of insurance on the assigned stock of $2,500 each, without the knowledge of the Palatine

Insurance Company. Upon the refusal of the Palatine Insurance Company to recognize its liability upon the policy issued by it as above stated, this action was brought by Ewing and Solinsky, as trustees, to recover thereon. The defense was that the policy was avoided by the additional insurance procured by the trustees on the 23d of November, as above stated. The ground for this defense was a clause in the policy which reads as follows: "This entire policy, unless otherwise provided by an agreement indorsed hereon or added thereto, shall be void if the insured now has, or shall hereafter make or procure, any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." The plaintiffs relied on the last two of the following clauses, which were contained in a rider, or additional paper, attached to the policy of insurance at the time of its issuance: "It is part of the consideration of this policy, and the basis upon which the rate of premium is fixed, that in the event of loss this company shall not be liable for an amount greater than three-fourths of the actual cash value of the property covered by this policy at the time of such loss; and in the case of other insurance, whether policies are concurrent or not, then for only its pro rata proportion of such three-fourths value." "Total insurance permitted is hereby limited to three-fourths of the cash value of the property hereby covered, and to be concurrent herewith." "Attached to, and forming, part of, policy No. 444,557 of the Palatine Insurance Company. Will S. Ezell, Agent." Upon the trial of the case the plaintiffs contended that the proviso contained in the clause upon which the insurance company relied was fulfilled by attaching to the policy the "three-fourths value clause," as it is termed in the record, and which is above set forth. On the other hand, it was contended by the insurance company that this attached clause only had the effect to limit the amount of subsequent insurance in case consent should be given to the procuring of the same. The court held with the defendant,— that this latter was the proper construction of the policy with the attached clause. Thereupon the plaintiffs were allowed, against the objection and exception of the defendant, to introduce evidence tending to show that it had formerly been the practice of the agent of the company at Pulaski to issue policies like that in question without the three-fourths value clause above quoted; and in case the insured desired to obtain further insurance, and the company consented to it, such consent was written upon the face of the policy, but that after a certain date (which was a considerable time anterior to the issuance of this policy) the use of the "three-fourths value clause" was inaugurated in the business of the defendant; and thereafter, when that clause was attached to the policy of insurance, the practice of writing the consent into the policy in case of further insurance permitted by the company, was discontinued. Evidence was given by both parties relative to this practice by the defendant's agent, and also in respect to the custom of other insurance companies at that place in the transaction of insurance business there. Peremptory instructions to the jury in favor of the defendant were requested by counsel upon the ground that the alleged custom by which the defendant was proposed to be bound had not been established. This request was refused by the court and an exception was duly taken. The trial judge submitted the case to the jury upon the question as to whether or not such a usage or custom on the part of the defendant company had been proved, and instructed them, if the custom was found to exist, was known to the insured, and relied on by them, and was known to the company, and it did not object to it, but consented to it, then the company would be estopped to claim that the failure to procure its express consent to the additional insurance by the insured would avoid the policy. This instruction was duly excepted to by the defendant. The jury rendered a verdict for the plaintiffs for the amount of the policy, and judgment was entered accordingly. The errors assigned by the plaintiff in error relate to the rulings of the court in the admission of the evidence offered to show the usage and custom of defendant, above mentioned, and to the sufficiency of such evidence to establish such custom.

Albert D. Marks, for plaintiff in error.

Z. W. Ewing and John T. Allen, for defendant in error.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

SEVERENS, District Judge, having stated the case as above, delivered the opinion of the court.

The only controversy between the parties raised upon the trial in the circuit court related to the sufficiency of the consent of the insurance company to the additional insurance procured by the trustees on the 23d day of November, 1895,—the day before the fire. And the only question which we are required to determine is whether the court committed any error in its rulings upon that subject for which the judgment ought to be reversed. The trial judge was of the opinion that upon the proper construction of the policy and the clauses contained in the rider attached thereto such consent was not made out, and in consequence of that ruling the parties went into further evidence upon the question whether there had been a custom in the course of the defendant's business at Pulaski, known to the defendant, and relied upon by the insured, whereby the attaching of the so-called "three-fourths value clause" to the policy was treated as signifying, without more, the consent of the company to additional insurance to the limit therein prescribed. Upon mature consideration we are of the opinion that the plaintiff's contention in the circuit court in respect to the construction of the policy and the attached clause was right, and that they did import a present consent, at the time when the policy was issued, to additional insurance not in excess of three-fourths of the value of the insured property, which limit it is not claimed was transcended.

It is not necessary to hold that the consent intended by the clause in the policy proper was a permission to be thereafter given. It might be a consent given contemporaneously with the issuance of the policy itself. Indeed, it is not unusual in such instruments to employ language which, although it might upon one, and perhaps the more common, interpretation in ordinary use, have reference to the future, yet, upon comparison with other provisions therein, indicates that reference was had in the general form to the final insertion in the instrument of special provisions which might or might not be required to express the contract in the particular case. An instance of the flexibility of language in such instruments is found in the very case we have under consideration. The policy declares that it shall be void "if the insured now has" other insurance. But the insured did, in fact, have other insurance, and this fact was known to the insurer. The "three-fourths clause" was added, and it is not doubted, we suppose, that, although literally its language points to prospective insurance, the words "total insurance permitted" refer to and include the insurance already existing at the date of the policy. That this would be the effect of such a stipulation in such circumstances was held in Kimball v. Insurance Co., 8 Gray, 33, and Blake v. Insurance Co., 12 Gray, 265. The only "permission" of such previous insurance is that found in the attached "three-fourths clause," and it is by that clause that the limitation is imposed upon the amount of prior insurance which would be permitted. The prior insurance was parcel of

92 F.—8

that amount, but the language of the permission makes no distinction between that already obtained and that contemplated as additional thereto.    It is not reasonable to suppose that the parties anticipated any further agreement upon that subject.    It is to be further noticed that the clause in the policy requires the consent to be by an agreement "indorsed hereon or added thereto." The "three-fourths clause" responds to this by characterizing itself as "attached to and forming part of policy No. 444,557 of the Palatine Insurance Company." This interpretation is the same as that which the agent of the company who issued this policy testified he had acted upon in transacting the business of the company at that place.    He was supplied by it with blank policies and these clauses to be used as occasion should require, and when other insurance was intended to be permitted he used the "three-fourths clause," which covered the whole subject, once for all.

But, if this conclusion were not so clear as it seems to us to be, and were only a permissible one, there are several established rules of construction applicable to the subject which concur in inducing the same result.    One of those rules is that forfeitures are not favored in law, and the courts will seek to find, if fairly possible, such a construction of the contracts of parties as will relieve them from the inequitable consequences arising therefrom.    New York Indians v. U. S., 170 U. S. 1, 25, 18 Sup. Ct. 531; Tiffany v. Bank, 18 Wall. 409; Cotten v. Casualty Co., 41 Fed. 506; Jackson v. Same, 21 C. C. A. 394, 75 Fed. 359; May, Ins. (2d Ed.) §§ 170, 376.    Another rule which is especially, but not solely, applicable to insurance contracts is that, when the meaning of the instrument, taken as a whole, is doubtful, its several provisions should be construed favorably to the party to whom the undertaking is made, and most strongly against the party in whose interest the provisions are introduced.    Insurance Co. v. Wright, 1 Wall. 456, 468; National Bank v. Insurance Co., 95 U. S. 673, 678; Moulor v. Insurance Co., 111 U. S. 335, 4 Sup. Ct. 466; Insurance Co. v. McConkey, 127 U. S. 661, 666, 8 Sup. Ct. 1360; Thompson v. Insurance Co., 136 U. S. 287, 10 Sup. Ct. 1019,—are some of the many cases in which this rule is stated and applied.    Still another rule is that, where a special provision is added to the formal contract, the special provision will be taken to dominate the formal part upon the principle that it more surely expresses the final purpose of the parties.    It rests upon the same presumption which is applied in giving preference to the written language inserted in an instrument containing formal printed language relating to the same subject, for the reason that the former indicates that the attention of the parties was more particularly called to the written parts.    May, Ins. (2d Ed.) § 177; Wood, Ins. (1st Ed.) § 62.

As this determination is decisive of the main question before us, the exceptions taken to the rulings of the court in respect to the admission of evidence to prove a practice or usage in the conduct of insurance business at Pulaski are immaterial, and the correctness of the rulings upon that subject need not be considered.    If there was error in that regard, it was not prejudicial.    The judgment will be affirmed, with costs.