## BOLTE & JANSEN v. EQUITABLE FIRE ASSOCIATION.

Assignments of error not discussed in the brief will be treated as abandoned.

A charge is not objectionable because it assumes facts established by undisputed evidence.

A part owner of a stock of goods destroyed by fire, who has clerked about two years in the store and assisted in taking an invoice of them, may testify as to their value; the weight of his testimony being for the jury.

A provision for arbitration of loss, contained in the by-laws of a mutual insurance company, is waived by the failure of the insurer to take the initiative step by appointing an arbitrator and requesting the insured to do likewise.

Every provision in an insurance policy, the breach of which involves a forfeiture of the rights of the insured, is strictly construed, and doubts as to construction should be resolved in his favor.

An insurance policy provided that, "unless otherwise provided by agreement indorsed hereon, or added hereto," the policy should be

void, if the insured then had or should thereafter procure additional insurance. A rider clause added to the policy at the time it was issued provided that: "If at the time of the fire the whole amount of insurance on the property covered by this policy shall exceed 75 per cent. of the actual cash value thereof, this company, in case of loss or damage, shall not be liable to pay more than its pro rata share of said 75 per cent. of the actual cash value of such property; and should the whole insurance at the time of the fire exceed the said per cent., a pro rata return of premium on such excess of insurance from the time of the fire to the expiration of this policy shall be made on the surrender of the policy." The warranty in the application for insurance that there was no other insurance on the property was false. **Held,** that the rider clause constituted a consent to the prior insurance and a waiver of a forfeiture clause in the policy.

Where the insurer admitted the issuance of the policy, and the undisputed evidence established the loss of the property insured, the charge was not objectionable because it submitted no issue to the jury except the question of damages.

(Opinion filed, May 21, 1909.)

Appeal from Circuit Court, Beadle County. Hon. CHAS. S. WHITING, Judge.

Action by Bolte & Jansen against the Equitable Fire Association. From a judgment for plaintiffs, defendant appeals. Affirmed.

*Joe Kirby,* for appellant.

If, by the terms of the charter, arbitration be provided for in such a manner as to indicate that it is the intention of the legislature to erect such a tribunal for the benefit of the parties, and to compel a resort to arbitration in the first instance, before appealing to the courts, then the court will not entertain a suit until such arbitration has been had. Crisp v. Bunbury, 21 Eng. C. L., 333 S. C., 8 Bing. 394; Rivers v. White, 10th Eng. L. & Eq. 332; Ex-Party Payne v. Dowl. & L. P. C. 679; Portage County M. F. Ins. Co. v. West, 6 Ohio St. 600; People v. Murray, 5 Hill, 468; Darge v. Manufacturing Co., 22 Wis. 417; Rood v. Mutual Ben. Ass'n, 31 Fed. 62. The reply admitting and the evidence showing that there was other insurance on the property alleged to have been destroyed, which was not endorsed on or added to the policy, this action cannot be maintained. Peet v. Dak. Fire & Marine Ins. Co., 7 S. D. 416; Osborne v. Martin, 4 S. D. 303; Smith v. Continental Ins. Co., 6 Dak. 433; Phoenix Ins. Co. v. Ry. Co., 28

Ohio St. 83; Allen v. German Am. Ins. Co., 25 N. E. 10; Continental Ins. Co. v. Vanlue, 26 N. E. 121; Chase v. Hamilton Ins. Co., 20 N. Y. 54; Pindar v. Resolute Fire Ins. Co., 47 N. Y. 110; Rohrbach. v. German Fire Ins. Co., 62 N. Y.; Civil Code, Sec. 1855 to 1860. All parts of a contemporaneous contract should be considered together and effect given to the whole in the absence of irreconcilable conflict. Bishop on Contracts, Sec. 382; Mapepeace v. Harvard College, 10 Pick. 302; Vary v. Shea, 36 Mich. 397; Howell v. Howell, 7 Iredell, 29 N. C. 491; Strong v. Barnes, 11 Vt. 221; Hazelton Coal Co. v. Buck Mountain Coal Co., 57 Pa. St. 313; Dwight v. Germania Life Ins. Co., 103 N. Y. 341.

*H. C. Hinckley* and *A. W. Burtt,* for respondents.

A provision for arbitration of loss, contained in the by-laws of a mutual insurance company is waived by the failure of the insurer to take the initiative steps by appointing an arbitrator, and requesting the insured to do likewise. Norris v. Equitable Fire Assn.; 19 S. D. 119; Nerger v. Equitable Fire Assn., 20 S. D. 420. The attachment of a rider to an insurance policy stating that total insurance permitted is hereby limited to three-fourths of the cash value of the property hereby covered, is a present consent of the insurer to additional insurance to that limit, although the policy provides that consent to other insurance must be by an agreement endorsed thereon or added thereto. Palatine Ins. Co. v. Ewing, 92 Fed. 111; 34 C. C. A. 236; Bush v. Mo. Town Mutual Ins. Co., 85 Mo. App. 155; Dolas v. Mo. Town Mutual Ins. Co., 88 Mo App. 666.

SMITH, J. Suit to recover for loss under a policy of fire insurance. Action tried to a jury, and verdict and judgment for the plaintiffs for $1,576.34 and costs. A motion for a new trial, based upon a statement of the case with exceptions, and containing all the evidence, was denied by the trial court. This appeal is from the judgment and the order overruling the motion for a new trial.

No question is raised on this appeal as to the sufficiency of the complaint. The answer admits the copartnership of the plaintiffs and the issuance of the policy, and denies each and every other allegation in the complaint, except as thereinafter admitted.

The answer further alleges: That the defendant is a mutual benefit association, organized under chapter 70, p. 197, Laws 1897, laws passed at the fifth session of the legislative assembly, and not a stock company for gain; that prior to the issuance of this policy by-laws were duly adopted by said company and have ever since remained in full force. The only material portion of said by-laws is as follows: "Sec. 4. No action at law or otherwise, shall be commenced or maintained in any court to recover loss or damage until the amount of such loss or damage shall have been determined by the adjusters of this association and the assured, or until the same shall be fixed by arbitration." The answer further alleges that the plaintiffs have not chosen a disinterested party or any party to represent them on a board of arbitration to settle such loss, and that said loss has not been fixed by arbitration. As a further defense, the answer alleges: That at the time of the issuance of the policy there was other insurance on the property in the Commercial Mutual Fire Association of Mitchell, S. D., in the sum of $1,450; that defendant did not know of and never gave its consent to such additional insurance; and that said policy contained a provision as follows: "This entire policy, unless otherwise provided by an agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." No question arises on this appeal as to other matters in the answer.

The plaintiffs in their reply admit that at the time of the issuance of this policy they held another policy in the Mitchell Company, as alleged in the answer. The reply further alleges: That the defendant, in its policy issued to plaintiffs, did, by a partly written and partly printed indorsement, duly signed by its secretary, and attached to said policy when issued, consent, permit, and grant this plaintiff permission and the right to carry other insurance upon their stock of merchandise. That said indorsement, in the form of a rider clause, was pasted on said policy and formed a part thereof, and was in the following form: "South Dakota Standard Percentage Value Clause. If at the time of the fire the whole amount of insurance on the property covered by this policy

shall exceed seventy-five per cent. of the actual cash value thereof, this company, in case of loss or damage, shall not be liable to pay more than its pro rata share of said seventy-five per cent. of the actual cash value of such property; and should the whole insurance at the time of the fire exceed the said per cent., a pro rata return of premium on such excess of insurance from the time of the fire to the expiration of this policy shall be made on surrender of the policy. Attached to and forming a part of policy No. 4335 of the Equitable Fire Association of Sioux Falls, South Dakota. Lee S. Frudenfeld, Secretary." It was conceded on the trial that this clause was added to the policy by the defendant company at the time the same was issued by the company.

Numerous assignments of error are presented in the abstract, but we shall notice only those discussed in appellant's brief and shall consider all others abandoned. Edgemont Imp. Co. v. Tubbs Sheep Co. et al., 22 S. D. 142, 115 N. W. 1130. It was claimed by appellant, upon motion for direction of a verdict, that the evidence was insufficient to show the ownership of plaintiffs, or identity of the goods destroyed by fire. A statement of plaintiffs' evidence, which was wholly undisputed, would serve no useful purpose; but a careful examination of the record satisfies us that the evidence, there being no conflict in it whatever, was amply sufficient to sustain the verdict and to justify the court in assuming the facts of ownership and identity of the property destroyed by fire, in the charge to the jury. Bush v. Northern Pacific R. Co., 3 Dak. 445, 22 N. W. 508. Upon the trial one of the plaintiffs, Nicholas Jansen, was called as a witness to prove the value of the property destroyed. He testified, in substance: That he was a member of the firm of Bolte & Jansen, and had been engaged in the business about 23 months when the fire occurred; that he could not state the exact value of the stock at the time of the fire, but could state his best judgment; that the store was well filled with a stock of general merchandise, dry goods, groceries, boots and shoes, and ready-made clothing; that he had sold some goods, but did not run the purchase and sale of goods to any great extent; that he had not bought the goods of wholesalers; that about 11 months before the fire he helped take an invoice of

the stock, and it showed about $3,900 of value; that the amount of stock had increased since that time and was worth as much as when invoiced.   On cross-examination he was asked: "Isn't it a fact that, when you say you have a knowledge of the value, it is pure guess work?  A. That is what I have said, to the best of my judgment, it would be guess work."  It may be noted here that the evidence previously introduced had shown that all invoices of the stock and many of the books of account belonging to the firm had been destroyed in the fire.   The witness thereupon was asked as to the value of the stock at the time of the fire; objection: "No sufficient foundation laid."   We think the foundation laid was sufficient to permit the witness to give his best judgment as to the value of the stock in the store building at the time of the fire. The weight of this evidence was for the jury.   Enos v. St. Paul F. & M. Ins. Co., 4 S. D. 657, 57 N. W. 919; Elliott on Ev. Vol. 3, § 2316.

The following facts, briefly stated, appeared by undisputed evidence:  Immediately after the fire, the plaintiffs notified defendant by letter of the loss and asked them to send an adjuster.  The company replied by letter that a man would be sent.  · Mr. Frudenfeld, secretary of the defendant company, came shortly after the fire;  did not do anything, but asked to look at the books, and they were shown him.  He thereupon said to plaintiffs that they had carried other insurance without the defendant's knowledge, that defendant was not responsible, and that, if plaintiffs were about to start a lawsuit, they had better arbitrate, but did not offer to settle the loss by arbitration; said he was sorry plaintiffs did not have any claim against the company.  Defendant never selected any one to arbitrate.  Frudenfeld, when called as a witness for the defendant, was not asked concerning the conversation above stated.  Defendant offered no evidence as to the value of the property upon the trial.  At the close of plaintiffs' evidence, defendant moved for a direction of a verdict on various grounds, which motion was denied, and was renewed at the close of the trial, but need not be noticed at this time, as the question raised upon said motion will be hereinafter referred to so far as discussed in appellant's brief.  The secretary, L. S. Frudenfeld, was

called as a witness to identify a copy of the by-laws of the defendant company, and the defendant thereupon offered in evidence sections 3 and 4 of article 14, of said by-laws, which, so far as material to the questions discussed by appellant, are as follows:

"Sec. 3. All losses shall be adjusted by duly authorized persons, except when such adjuster and claimant fail to agree, in which event the loss shall be arbitrated, as provided by law.

"Sec. 4. No action at law or otherwise shall be commenced or maintained in any court to recover loss or damage until the amount of such loss or damage shall have been determined by the adjusters of this association and the insured, or until the same shall be fixed by arbitration. * * *"

This offer was objected to as incompetent, irrelevant, and immaterial, the objection sustained, and exception entered. This ruling is assigned as error. A large number of decisions are cited in defendant's brief holding the doctrine that a member of a mutual insurance company is conclusively held to know the contents of the by-laws of such company and is bound by clauses therein contained providing for arbitration in case of loss, and that no action can be maintained until such arbitration has been had and the amount of loss thereby ascertained. We need not discuss the authorities cited, for the reason that this provision for arbitration, contained in the by-laws offered in evidence, had been waived by the failure of defendant to take the initiative step by appointing an arbitrator and requesting insured to do likewise. The by-laws therefore became wholly immaterial to any issue in the case, and the ruling of the trial court excluding them was not error. Nerger v. Equitable Fire Ass'n, 20 S. D. 419, 107 N. W. 531; Norris v. Equitable Fire Ass'n, 19 S. D. 115, 102 N. W. 306.

It is next contended that the ruling of the trial court excluding the application for insurance, upon which the policy issued, was error, because such application disclosed a question and an answer of plaintiffs as to the then existing insurance on the property, which was a warranty, and which answer was admitted to be false, and that this would render the policy null and void. That such would be the effect of this evidence must be conceded, unless the percentage value clause hereinbefore quoted, which was attached

to and made a part of the policy when issued by the company, was, in itself, a consent to concurrent insurance and a waiver of the forfeiture clause in the policy, and would therefore render the falsity of the answer wholly immaterial. Should such rider clause be construed as a consent to additional insurance and a waiver of the forfeiture clause in the policy? The contract of insurance, without this added clause, provided, in effect, that the company should be liable for the full cash value of the property up to $1,500 in case of loss. It clearly appears that the value of the property insured was largely in excess of the liability assumed by the company under the policy. The clause of the policy relating to concurrent insurance is as follows: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

The principal and legitimate purpose of such a warranty in the application and forfeiture clause in the policy of insurance is to protect the insurer against the hazard of overinsurance, and is regarded as a just and reasonable provision for that purpose; but such conditions, like others working forfeitures, will be strictly construed. May. on Ins. § 367. Two clauses or methods of accomplishing this purpose are found discussed in the text-books on insurance and in the decisions of courts: First, a provision may be inserted in the policy for an absolute forfeiture of the insured of all rights under the policy, if other insurance exists on the property, and such insurance is not disclosed in the application or assented to by the insurer, or if the insured shall take out additional insurance without the assent of the insurer; second, a provision may be inserted in or added to the policy, limiting the liability of the insurer to a percentage of the value of the property less than its real value, and providing that such reduced valuation of property in case of loss shall be ratably divided between the several insurers, thus limiting the recovery of the insured in case of loss to an amount less than the real value of the property insured. By either method the moral hazard of the insurer is lessened or eliminated. While adapted to the same end, the two

methods are wholly different in operation and effect, and it is difficult to see how both can consistently be applied and given full effect in the same contract of insurance.

In the case at bar the policy itself contained a provision for absolute forfeiture in case of other insurance not consented to; but the provision requiring assent to additional insurance implies, we think, that the company would be willing to protect itself against overinsurance by adopting the other method indicated above. The record discloses that the defendant company, at the time of issuing this policy, without any request by the insured, added to the policy this rider clause and by express words made it a part of the contract. In Palatine Ins. Co. v. Ewing, 92 Fed. 114, 34 C. C. A. 236, in discussing the effect of an identical act of the insurer, the court says: "Still another rule is that, where a special provision is added to the formal contract, the special provision will be taken to dominate the formal part upon the principal that it more surely expresses the final purpose of the parties"—citing May, Insurance (2d Ed.) 177; Wood, Ins. (1st Ed.) § 62. What purpose could the defendant have had in view in pasting this slip on the policy when issued, other than to indicate its present assent to other insurance, and thereby to reduce the amount of its general liability under the policy? Appellant says, in substance, that this slip was added to the policy by the company merely to indicate the terms and conditions on which additional insurance might be carried, after the insurer had assented thereto. This, it seems to us, would involve an extremely strict construction of the contract in favor of the insurer; but the rule of construction is that every provision and condition in an insurance policy, the breach of which involves a forfeiture of the rights of the insured under the contract, is strictly construed, and doubts as to construction should be resolved in favor of the insured. May on Insurance, § 175, says: "No rule, in the interpretation of a policy, is more fully established, or more imperative and controlling, than that which declares that, in all cases, it must be liberally construed in favor of the insured, so as not to defeat without a plain necessity his claim to the indemnity, which, in making the insurance, it was his object to secure. * * * While courts will extend all reasonable protection to

insurers, by allowing them to hedge themselves about by conditions, intended to guard against fraud, carelessness, want of interest, and the like, they will nevertheless enforce the salutary rule of construction that as the language of the conditions is theirs, and it is therefore in their power to provide for every proper case, it is to be construed most favorably to the insured." This rule has been expressly approved by this court. McNamara v. Dak. F. & M. Ins. Co., 1 S. D. 342, 47 N. W. 288. It seems to us therefore more reasonable to construe the act of defendant, in adding this slip to the policy, as a present assent to the other insurance; and this view of similar acts by the insurer has been expressly sanctioned by the courts. Palatine Ins. Co. v. Ewing, 92 Fed. 111, 34 C. C. A. 236; Dolas v. Mo. Town Mut. Ins. Co., 88 Mo. App. 666; Bush v. Mo. Town Mut. Ins. Co., 85 Mo. App. 155. We therefore hold that no other or further agreement or indorsement of assent on the policy was required, and, such existing insurance being assented to when the policy was issued, there was no forfeiture of plaintiffs' rights under the conditions of the policy or under the warranty contained in the application. The defendant company therefore having assented to the additional insurance at the time the policy was issued, the false answer of respondents in the application for insurance became wholly immaterial to any issue in the case, and its exclusion by the trial court was not prejudicial error.

In this state of the evidence, the court used the following language in instructing the jury, which was excepted to: "In the view the court has taken of this case, the court instructs you that this policy was binding between these parties. * * * There is only one thing for you to determine—the amount the plaintiffs are entitled to recover under this policy." And "if you find that the defendant is liable for any sum—and the instruction is that they are." The defendant company in their answer admit the issuance of the policy, and the undisputed evidence, as well as the implied admissions of the answer, establish the loss by fire of the property insured. There was absolutely no issue for the jury upon either of these facts. The evidence tending to avoid the policy having been properly excluded by the court, the giving of the in-

struction above quoted was not reversible error. Bush et al. v. Northern Pac. R. R. Co., 3 Dak. 445, 22 N. W. 508; Mathews v. Silvander, 14 S. D. 505, 85 N. W. 998; State v. Bennett, 22 S. D. 396, 113 N. W. 78. There was therefore no issue for the jury except as to the amount of the plaintiffs' recovery, and that issue was properly submitted to the jury under instructions not excepted to by the defendant as erroneous in respect to the measure of plaintiffs' damages.

We find no error in the record which would warrant a reversal, and the judgment of the trial court is therefore affirmed.

WHITING, J., took no part in this decision.