## LALLIER v. PACIFIC ELEVATOR CO.

Instructions not excepted to become the law of the case, irrespective of whether they would be sustained, if excepted to, or not.

In considering whether there was evidence sufficient to sustain a verdict, it is only necessary to determine whether it was sufficient under the instructions given.

In an action by a lessee to recover the price of grain sold to defendant, the latter asserting that the grain belonged to the lessor, evidence held sufficient to show such a delivery by the lessor to the lessee of the latter's share of grain as would pass the title to him.

(Opinion filed, June 4, 1910.)

Appeal from Municipal Court of Watertown, Hon. Irwin H. Myers, Judge.

Action by C. C. Lallier against the Pacific Elevator Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*Sherin & Sherin*, for appellant. *Case & Shurtleff*, for respondent.

WHITING, P. J.   This action was brought by plaintiff to recover the value of some oats which he claims to have sold the defendant.   Trial was had before a jury, and its verdict being in favor of the plaintiff and judgment having been rendered in accordance therewith, the defendant moved for a new trial, which motion was denied.   It then appealed to this court from such judgment and order denying a new trial.

There are numerous assignments of error, but the only ones which we consider of such importance as to warrant our attention, go to the question of the title to the oats at the time of the alleged sale.   It appears that plaintiff was the lessee of one Fillenwarth, and that he had worked said Fillenwarth's land for the season of 1908, under a contract of the nature involved in the case of Consolidate Land & Irrigation Co. v. Hawley, 7 S. D. 229, 63 N. W. 904, being a lease or contract under which it is covenanted and agreed that the title of all crops raised shall remain in the lessor until division thereof made by such lessor which division the lessee is not entitled to until after full performance of conditions on his part, together with full payments of any claims the lessor may hold against him.   Such contract also providing that the lessor may take and hold enough of the crops, that would upon division belong to the lessee, to repay all advances made by lessor to lessee and all indebtedness due from lessee to lessor.   After full performance on the part of lessee and payment for all advances and indebtedness, the lessor was bound, upon reasonable request, to deliver one-half the grains raised under such contract to the lessee.   When plaintiff rested his case in chief the defense moved for a directed verdict, which motion was denied, and this ruling is assigned as error.   Such motion for directed verdict was based upon the grounds that no sale to defendant company had been proven; that the evidence showed the ownership of the oats to be in Fillenwarth; and that he had never transferred the title of plaintiff's share to him.   We think the first ground above stated needs no discussion.   As to the second ground, defendant has cited the Hawley Case, supra, as well as other authorities as to what things are necessary to

be done by the lessee under a contract such as is before us before he is entitled to a division of the grain. There can be no question whatever, under the decisions of this court, as to what the lessor may require before delivering the grain raised under one of these contracts, but, on the other·hand there can be no question but what the lessor can deliver the share of the grain to the lessee, and thus pass title to same to the lessee without the performance of any of the things which he might still have required as a condition precedent, and in this case, as the evidence stood when the request for directed verdict was made, there was ample to·show that said Fillenwarth had delivered the grain in question to the plaintiff under such circumstances as would carry with such delivery the title to the grain in question.

After the court refused the above motion to direct verdict, the defendant introduced evidence which it claimed shows that there was in fact·no such division and delivery as would carry with it the title to the grain, and for that reason contends that the verdict of the jury was not sustained by the evidence. The trial court gave to the jury full instructions, which instructions were in no manner excepted to by the appellant, and therefore under the uniform holding of this and other courts, for the purpose of this appeal such instructions become the law of the case, and this regardless of whether such instructions would be sustained if the same had been excepted to. In considering whether or not the evidence was sufficient to sustain the verdict, it is only necessary to determine whether it was sufficient under the instructions given. These instructions, so far as material to the question now before us, to-wit, as to whether or not title to the oats in question had passed to the plaintiff were in words as follows: "In other words, under the terms of the contract between this plaintiff and Mr. Fillenwarth for the land on which the oats in question were raised, Mr. Fillenwarth was the owner of all the grain raised until a division and delivery of the tenant's share were made to him of such grain and the tenant's share delivered to him. This was their contract they were at liberty to make; then, if you find from all the evidence in the case that the landlord did not

deliver the tenant's share to him, the plaintiff in this action, your verdict must be for the defendant. You are further instructed that' before the plaintiff in this action can recover you must find from all the evidence that the landlord, Mr. Fillenwarth, had delivered the plaintiff's share of said oats to him, and until his share was delivered by the landlord, the plaintiff had no such interest or title in said oats that he could make a sale of the same, and if you do not so find then your verdict must be for the defendant. You must find that there was a division and delivery before you can find for the plaintiff because if there was no division of the crops, then was he attempting to sell something he did not own. It is purely a question of fact for you to decide upon all of the evidence, whether there was an actual division and delivery of the tenant's share to the plaintiff. The mere question as to whether the plaintiff has paid Fillenwarth in full for all claims he had against the plaintiff on the contract, is not to be decided by you. You will take into consideration the testimony relating to a settlement only in connection with the testimony as to whether there was an actual division and delivery. The mere fact that the grain was divided is not of itself sufficient, but there must also have been a consent upon the part of Fillenwarth that the plaintiff have the part due him under the contract—that is, that there was a delivery; this consent need not be expressly stated in writing or orally, but may be implied by Fillenwarth's actions, or what he said regarding that share. If you find that the oats, delivered to the elevator company was the share belonging to the plaintiff, after a devision and delivery, then your verdict should be for the plaintiff in the sum of $233.20, but if you find there was no devision and delivery to plaintiff of his share of the oats, then your verdict must be for the defendant on all the issues." There was ample evidence from which the jury could find that at the time of threshing the oats in question Fillenwarth had a representative at the machine to divide the grain. It stands absolutely undisputed that the grain was divided load for load, not only with knowledge of such representative, but with the knowledge of Fillenwarth; that Fillenwarth put his half of the

grain in his warehouse; that plaintiff put the first loads of his half in the granary on the land, and then upon the demand of Fillenwarth he hauled and delivered the remainder of his half to the defendant, Fillenwarth demanding that the same be delivered at some elevator without designating the one. There is absolutely no evidence that Fillenwarth demanded that this grain be delivered in his name. It is the claim of the defense that this grain was to be delivered to the elevator to be held as security for any claim Fillenwarth had against plaintiff, and it appears that prior to the threshing Fillenwarth had served notice on the defendant company that he had a lien against this grain. There can be no question but what the evidence was ample to warrant the verdict under the above instructions, and even if the court had seen fit to instruct that there might have been a turning over of the oats into the possession of plaintiff under circumstances that would not amount to a delivery thereof under the contract between the parties, yet, in view of the evidence showing that Fillenwarth had not directed these oats to be delivered in his name, there was ample evidence to such a delivery, following the conceded division, as would carry title. We think it must be conceded that, under one of these contracts, the lessor's rights against the grain depend solely upon his retention of title to same, and that after division and delivery to the lessee of lessee's share there remains no lien against the grain for any claims lessor might have against the lessee, so that in this case any notice of lien to the defendant company becomes absolutely immaterial, as Fillenwarth could have no lien. Furthermore there is ample evidence to justify the jury in finding that, even if there was any claim of indebtedness upon which a lien could have been based, such indebtedness was canceled before the time plaintiff demanded of defendant pay for the grain in question.

The judgment of the trial court and order denying a new trial are affirmed.