## NICHOLS & SHEPARD CO. v. MARSHALL.

The verdict is presumed to accord with the instructions, if they are not in the record.

Unchallenged instructions, right or wrong, are the law of the case.

Sufficiency of evidence to support the verdict and the judgment will not be reviewed, unless it was questioned by motion for verdict.

Motion for directed verdict should show the respects in which the proof is insufficient to sustain recovery by the adversary.

Assignment of error not briefed are abandoned.

Statement in a brief, "Indeed, every one of the plaintiff's objections should have been sustained, after defendant introduced his Exhibits 1, 2 and 3," is insufficient argument, and such objections must be deemed abandoned.

Defendant's witness was properly permitted to state the contents of a report made to plaintiff by its agent, over an objection that no demand had been made for the instrument, where plaintiff denied that it had such report.

(Opinion filed, October 19, 1911.)

Appeal from Circuit Court, Meade County. Hon. W. G. Rice, Judge.

Action by the Nichols & Shepard Company against Edward T. Marshall. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Wesley A. Stuart*, for appellant. *James McNenny*, for respondent.

WHITING, J. This is an action brought to recover on one of a series of promissory notes given plaintiff by defendant as part purchase price of a steam traction engine. Defendant inter-

posed as a counterclaim damages which he claimed to have suffered through the alleged breach of a warranty relating to such engine, which warranty formed a part of the written order or contract of sale of such engine. The cause was tried to the court and jury, and a verdict was found for defendant and judgment entered thereon. The plaintiff moved for a new trial, and, this motion being denied, it has appealed from such judgment and order denying a new trial.

The alleged insufficiency of the evidence to sustain the verdict is one of the assignments of error, being presented, in one place, under the heading: "The verdict and judgment against the law." The record does not contain the instructions of the court, and it is not claimed that the verdict of the jury was not sustained by the facts proven based upon the law as given by the court.

[1, 2] This court must presume that the verdict was in accordance with the instructions given by the court, which instructions, unchallenged by appellant, are, whether right or wrong, the law of this case. Erickson v. Maccabees, 25 S. D. 183, 126 N. W. 259; Lallier v. Pac. Elevator Co., 25 S. D. 572, 127 N. W. 558.

[3] It therefore follows that we cannot be asked to inquire into the sufficiency of the evidence to support the verdict and judgment, unless appellant questioned such sufficiency during the progress of the trial by a proper motion asking the court to direct the verdict in its favor.

When both sides had rested, the appellant moved the court to direct a verdict in its favor. This motion was denied, and appellant has assigned this ruling as error. Said motion was in the following language: "The plaintiff moves the court upon the undisputed evidence in the record to direct a verdict for the plaintiff and against the defendant upon all the issues." Upon this appeal, in assigning as error the court's ruling upon the above motion, appellant as a part of such assignment has called specific attention to four separate and distinct points, wherein it is claimed that said evidence is insufficient to support the claim for damages pleaded in the counterclaim. In view of the fact that there was a very considerable conflict in the evidence received, the trial court

would have been justified in denying the motion solely for the reason that, under such motion, it was asked to base its ruling simply upon such evidence as was not disputed. What appellant undoubtedly intended was to take the position that all the evidence upon behalf of defendant, if undisputed, was insufficient to support his counterclaim. But, construing the wording of such motion as favorably to appellant as possible, we find that, when such motion was presented to the trial court, there was an utter failure to call the attention of the trial court to one single feature or matter wherein the evidence failed to sustain the counterclaim pleaded.

[4] There is certainly no rule of practice better established under the decisions of this court, as well as those of other states, than that the party moving for a directed verdict should, in justice to the trial court, point out to such court in his motion the matters wherein he claims the opposite party has failed in his proof, and upon which the moving party relies in making his motion. Tanderup v. Hansen, 8 S. D. 375, 66 N. W. 1073; Howie v. Bratrud, 14 S. D. 648, 86 N. W. 747. The trial court committed no error in overruling this motion. The abstract contains 32 other assignments of error, all based upon the rulings of the court upon the admission of evidence.

[5] Another well-established rule of practice and one announced repeatedly by this court is that: "Assignments of error not discussed in the brief will be deemed abandoned." Reeves v. Railway Co., 24 S. D. 84, 123 N. W. 499; Weitzel v. Leyson, 23 S. D. 367, 121 N. W. 868; Bolte & Jensen v. Insurance Co., 23 S. D. 240, 121 N. W. 773; Dowdle v. Cornue et al., 9 S. D. 126, 68 N. W. 194; Implement Co. v. Tubbs Co., 22 S. D. 142, 115 N. W. 1130.

[6] The only reference of any kind made by appellant in his brief to 31 of the 32 assignments is the following statement contained in one paragraph of such brief: "Indeed, every one of the plaintiff's objections should have been sustained, after defendant introduced his Exhibits 1, 2, and 3." What was objected to—the form of the objection, or the bearing that any one of said exhibits

might have upon the merits of any one of such objections—is in no manner called to the attention of the court; in fact, it is clearly apparent from a reading of the brief that appellant is therein relying entirely upon the failure of the court to direct a verdict in its favor. These 31 assignments were clearly abandoned.

[7] One other assignment of error is referred to in the brief. Upon the trial it appearing that an expert, one Brady, was sent by the plaintiff to see what was wrong with the engine sold defendant, and a witness having testified that, upon such occasion, Brady sent in a report to the plaintiff, which report the witness saw and read before it was mailed by the witness, the witness was then asked: "What was in that letter?" This question was objected to "as irrelevant, immaterial, and incompetent, calling for the contents of a written instrument, no demand having been made for that instrument." It is clear that the only particular in which the above objection is sufficiently specific is wherein it states that no demand had been made for the report. Counsel for the defense then demanded the report and counsel for plaintiff stated: "We have no such letter and no notice that any such letter was desired." The plaintiff denying that it had such letter shows that a demand therefor would have been useless. The trial court did not err in overruling the objections interposed. Furthermore, appellant does not in this court rely upon such want of notice as the basis for its assignment of error, but bases its argument upon grounds in no manner called to the attention of the trial court by the objections interposed.

For all the reasons herein given, the judgment and order of the trial court should be, and are, affirmed.