TAYLOR, Appellant, v. BULLOCK, et al., Respondents.

## (181 N. W. 913.)

(File No. 4668. Opinion filed March 21, 1921.)

1. **Landlord and Tenant—Cropping Lease, Title in Lessor, Lessor's Disbursements Deducted, Division Thereafter From Receiver's Fund, Whether Lessor's Share A Lien On.**

    Under a cropping lease providing that title to crops should remain in lessor until division and that lessor should first deduct disbursements incurred and any indebtedness owing from lessee; a receiver having sold the crops, and trial court having found that lessor was entitled to a lien on the proceeds fund in a certain amount, and to a money judgment against lessee for a balance due, held, that lessor's lien covered the whole amount due him under the lease after deducting a mortgage debt and a debt due a third party under a second mortgage.

2. **Same—Cropping Lease, Division of Corn, Landlord's Low Purchase Thereof At Receiver's Sale—No Finding of Oppression Re Division—Division Approved.**

    Trial court not having found that lessor's action in purchasing for $200 at a receiver's sale corn worth about $1100 raised by lessee, was oppressive, its conclusions of law and judgment charging lessor with the difference between the amount bid and value of the corn, was erroneous.

Appeal from Circuit Court, Spink County. HON. ALVA E. TAYLOR, Judge.

Action by C. H. Taylor, against E. I. Bullock, and another, for an accounting and settlement between plaintiff as lessor, and lessee Bullock, for foreclosure of chattel mortgages, and for appointment of a receiver pendente lite. From a judgment for plaintiff and in part for defendant A. P. McMillan, as mortgagee, plaintiff appeals. Reversed, and remanded for new trial or further findings and judgment.

*W. F. Bruell,* and *L. W. Crofoot,* for Appellant.

*Sterling & Clark,* for Respondent.

GATES, J.   Action for an accounting and settlement between lessor Taylor and lessee Bullock under a farm contract, sometimes called a "cropping contract," for the foreclosure of two chattel mortgages and for the appointment of a receiver pendente lite.   Defendant McMillan was a chattel mortgagee whose mortgage was filed for record subsequent to the filing for record of plaintiff's mortgages and the lease.

From a judgment in part for plaintiff and in part for defendant McMillan, the plaintiff appeals.

The lease provided that the title to crops should remain in lessor until division and that lessor should first deduct disbursements incurred and any indebtedness owing from lessee.   The mortgages on the crops were also security for advancements made by lessor.   Appellant claims that the evidence shows there was due him after allowing all credits something more than $4,300, whereas the trial court allowed him a little more than $2,100.   The principal argument on behalf of appellant is that the evidence did not justify the findings of the trial court as to the amounts due him upon the accounting.   No question is raised as to the allowances made to appellant because of the notes secured by the mortgages.   Space forbids going into the details of the mutual accounts.   Suffice it to say that we do not find the clear preponderance of the evidence to be on appellant's side except as hereinafter noted.

A receiver was appointed who took charge of the land and crops.   After selling the crops and deducting his fees and expenses, the court found that there was in the hands of the receiver arising from lessee's share of the crops the sum of $4,189.69; that there was due appellant under the mortgages $1,818.70 and under the lease $302.97, making the total sum of $2,121.67; that there was due McMillan under his mortgage the sum of $2,563.-57.   The court concluded that appellant was entitled to a lien on the money in the hands of the receiver in the sum of $2,042.90 and to a plain money judgment against lessee in the sum of $78.-77, and that McMillan was entitled to a lien upon the funds in the hands of the receiver to the amount of the balance in his hands, viz., $2,146.79.   Judgment was entered accordingly, ex-

cept that one-half of the costs was directed to be deducted from the amount of appellant's lien and one-half from the lien of respondent McMillan.

[1] Why the trial court allowed $224.20 of appellant's item of $302.97 and did not allow the remaining sum of $78.77 as a lien on the funds in the hands of the receiver does not appear. Under the trial court's findings appellant was entitled to a lien upon the fund in the sum of $2,121.67 if he was entitled to anything in excess of the amount of the mortgages. The lease was sufficient to cover the whole sum of $302.97. Consolidated Land & Irr. Co. v. Hawley, 7 S. D. 229, 63 N. W. 904; Savings Bank of Larchwood v. Canfield, 12 S. D. 330, 81 N. W. 630.

[2] In the matter of the gathering and division of the corn, while the evidence tends to show that appellant acted oppressively towards Bullock, yet there is no finding of fact to that effect. The evidence tended to show that Bullock's share of the corn was worth about $1,100 and that appellant bought it at $200 at the receiver's sale. The trial court, without findings to justify it, charged appellant with $1,137 therefor instead of $200. We do not say that the conclusion of the court would have been wrong if there had been a finding charging appellant with fraud in the transaction. As the matter stands, the findings of fact do not support the conclusions of law and judgment in that behalf.

The judgment of the trial court is reversed, and the cause is remanded for a new trial or for further findings of fact and judgment. No costs will be taxed in this court.