ROBINSON et al, Respondents, v. COLTON GRAIN COM-
PANY et al, Appellants.

(210 N. W. 675.)

(File No. 5511. Opinion filed November 15, 1926.)

1. **Landlord and Tenant—Contract Reserving Title to Crops in Lessor Is Valid, Relates to Ownership of Crop, Not Liens, Thereon, and Need Not Be Filed for Record (Rev. Code 1919 ( § 1600).**

Cropping contract reserving title to crops in lessor is valid, relates solely to ownership of crops, not creation of liens thereon, and need not be filed 'for record as chattel mortgage; Laws 1915, c. 250, § 1 (Rev. Code 1919, § 1600), relating only to liens.

2. **Appeal and Error.**

Jury's verdict, sustained by evidence on disputed matters, is conclusive on appellants.

Note.—See, Headnote, (1), American Key-Numbered Digest, Landlord and tenant, Key-No. 326(2), 36 C. J. Secs. 1940, 1953; (2) Appeal and error, Key-No. 1002, 4 C. J. Secs. 2834, 2836.

Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin, Judge.

Action by Wilhelmina Robinson and others, executors of the estate of Alice M. Sibson, deceased, against the Colton Grain Company and others. From a judgment for plaintiffs and an order denying a motion for a new trial, defendants appeal. Affirmed.

*F. M. Cloud* and *Krause & Krause,* all of Dell Rapids, for Appellants.

*Bailey & Voorhees,* of Sioux Falls, for Respondents.

KNIGHT, Circuit Judge. This is an action for the conversion of certain corn. From a judgment for plaintiff and order denying motion for a new trial, defendants appeal.

On March 15, 1920, defendant Carsrud entered into a written contract to crop certain farm land owned by Alice M. Sibson, now deceased, which contract contained the following provision:

"Party of the first part (Carsrud) agrees * * * not to sell or remove or suffer to be sold or removed any of the produce of said farm or premises, of any kind, character or description, until the division thereof without the written consent of the party of

the second part, and until such division, the title and possession of all hay, grain, crops and produce raised, grown or produced on such premises shall be and remain in party of the second part, and said party of the second part has the right to take and hold enough of the crops that would on the division of the said crops belong to the party of the first part, to repay any and all advances made to him by party of the second part, and interest thereon at 10 per cent. per annum, and also to pay all indebtedness due said party of the second part by said party of the first part, if any there be."

This contract was filed in the office of the register of deeds of Minnehaha county, S. D., on March 2, 1921.

Under this contract, plaintiffs were entitled to certain cash rents and to two-fifths of all grain raised upon said premises. On November 1, 1920, there was due plaintiffs as cash rent an amount exceeding the total value of the corn hereinafter referred to, which cash rent has never been paid. Between March 4 and March 7, 1921, both inclusive, Carsrud delivered to the defendant Colton Grain Company a quantity of undivided corn grown upon said premises while said contract was in effect, and left with said Colton Grain Company a portion thereof as the share rent due plaintiffs, and received payment for the remainder thereof. The judgment is for the value of all corn so delivered. There was no dispute as to the amount of the corn delivered nor as to the portion thereof to which plaintiffs were entitled as share rent.

Appellants contend: (1) That the contract was, in effect, a chattel mortgage, but that it has no validity as such, in that it fails to comply with statutory requirements relating thereto; (2) that plaintiffs' rights thereunder, if any, were waived; (3) that the evidence is insufficient to justify the verdict.

[1]  1. Contracts containing clauses similar to, if not identical with, the one above quoted have frequently been considered by this court, and have been uniformly held to be valid and to relate solely to ownership of the crops and not to the creation of liens thereon. No filing of such a contract is necessary under existing statutes. This rule has become too firmly established to be overthrown without legislative enactment. Land Co. v. Hawley, 7 S. D. 229, 63 N. W. 904; Baumann v. Jerome, 21 S. D. 42,

109 N. W. 513; Dobbs v. Elevator Co., 25 S. D. 177, 126 N. W. 250; Lallier v. Pacific Elevator Co., 25 S. D. 572, 127 N. W. 558; Savings Bank of Larchwood v. Canfield et al., 12 S. D. 330, 81 N. W. 630; McGarvey v. Prince, 32 S. D. 417, 143 N. W. 380; National Bank of Wheaton v. Elkins et al., 37 S. D. 479, 159 N. W. 60; Taylor v. Bullock, 44 S. D. 38, 181 N. W. 913. Our attention has been directed to chapter 250, Laws of 1915, § 1 (now section 1600, R. C.), but this relates only to creating and acquiring liens, and has no application to contracts reserving title.

[2] 2, 3. The verdict of the jury upon the matters in dispute is conclusive upon appellants. There was no evidence of waiver sufficient to warrant the submission of that question to the jury. The verdict is amply sustained by the evidence. The judgment and order appealed from are affirmed.

KNIGHT, Circuit Judge, sitting in lieu of DILLON, J.