STATE, Respondent, v. BLAKE, Appellant.

(255 N. W. 108.)

(File No. 7612. Opinion filed June 1, 1934.)

*John T. Heffron,* of Deadwood, and *Harold J. Shea,* of Lead, for Appellant.

*Walter Conway,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for the State.

RUDOLPH, J. The defendant, Robert Blake, was tried in Lawrence county under an information containing two counts. The first count charged the defendant with driving an automobile while intoxicated. The second count charged him, as stated in appellant's brief, "with the crime of recklessly driving an automobile on the public highways of Lawrence County." The defendant was acquitted of the charge contained in count 1, and convicted under count 2, and he has appealed from the judgment entered upon such conviction, and from the order denying his motion for a new trial.

■ The principal assignment of error questions the sufficiency of the evidence to sustain the conviction. Under the law of the case, as established by the instructions which were not excepted to, "any person who drives any vehicle upon the highway recklessly, heedlessly and in wilful or wanton disregard of the rights or safety of others or without due caution and circumspection, and at a speed or in a manner so as to endanger or be likely to endanger any person or property shall be guilty of reckless driving." The question presented is whether the evidence is sufficient to sustain the verdict of guilty under this instruction.

The record shows that Mrs. Harry Billings was driving on a certain highway leading out of the city of Deadwood on the afternoon of August 30, 1932. As she was going up a steep hill and around a curve, the car she was driving and the car driven by the defendant collided and, as a result of this collision, this action was commenced. Mrs. Billings testified: "I was going up the hill at a moderate rate of speed and I was well out on the right-hand side of the road. Just as I turned the corner I saw a Ford car coming with two young men in it, and I pulled out as far as I could on the side of the road, and when they were within just a few feet of me I said to my mother, 'they're going to hit us head-on,' and she moved over closer to me, and I thought if they hit me head-on they are apt to knock me over the bank backwards, and I swerved a little to the side and let them get me in the side maybe, rather to take a head-on."

The record shows that there was a rock embankment on the left-hand side of this road up which Mrs. Billings was driving, and to her right there was a steep bank down the hillside. Mrs. Billing further testified: "They hit the right-hand side of the car, took off both fenders and the running board, damaged the doors very badly, both of them, and damaged the wheel and the cable on the car and one glass was broken. * * * When my car stopped I was on the left-hand side of the road. I was clear over against the rock bank, the car had knocked me as I swerved a little to let them give me the sideswipe, then that knocked me clear across the road before I could stop. * * * Just as I spoke to my mother, when they were headed for me, I turned the car. I thought they were going to hit because they were coming head-on just as fast as any car could roll. I didn't have a great deal of space on that road to turn out to the right. I had all the road on the left of me and I made a turn of my car and I was hit on the right side. I moved from the right side into the left side, just as I turned they hit my front fender to my car. I had no idea how fast they were going, but the car was coming as though they had no control over it at all. That is all I can say. They were zig-zagging on the road or something like that. The car just kind of weaving back and forth a little way, and then when they were about four feet from me I told my mother 'they are going to hit me,' then I made a certain turn myself."

It seems apparent that the above evidence, if believed by the jury, was sufficient to sustain the conviction under the instruction as given by the court. A car driven down a steep hill, just as fast as it could roll, zigzagging and weaving back and forth, and finally striking another car which was on its own right-hand side of the road, and knocking it across the road and into a steep embankment on the other side, in our opinion, is amply sufficient to justify the jury finding that the car was driven "without due caution and cir-cumspection and at a rate of speed or in a manner so as to en-danger or be likely to endanger any person or property."

The appellant contends that Mrs. Billings turned her car into the car of the defendant, and that this caused the accident. This is a criminal charge, and we are not concerned with the cause of the accident except as it establishes or refutes the guilt of the defendant of the offense charged. If the defendant is guilty, the

fact that Mrs. Billings was negligent or guilty of a like offense would not absolve the defendant.

We have considered the other assignments of error and find them without merit.

The judgment and order appealed from are affirmed.

All the Judges concur.