ROBERTSON, Respondent, v. HALL, Appellant.

(255 N. W. 803.)

(File No. 7608.   Opinion filed June 29, 1934.)

*Bailey & Voorhees,* of Sioux Falls, for Appellant.
*Parliman & Parliman,* of Sioux Falls, for Respondent.

RUDOLPH, J. This is an action to recover damages for wrecking of plaintiff's automobile in a collision caused by defendant's negligence. The jury gave the plaintiff $164.50 for the damage to his car, and the only question is as to the amount of the verdict. The automobile involved was a 1925 Model T Ford with a 1927 engine therein, and it was wrecked to the extent as to have a salvage value of fifteen or twenty dollars. The court submitted the matter to the jury by the following instruction, to which no exception was taken: "If you find for the plaintiff he would be entitled to such sum as would reasonably compensate him for the damage he has sustained, not exceeding Six Hundred Dollars as claimed by the plaintiff; and, in determining this amount the measure of damages would be the difference between the reasonable value of the car immediately before and immediately after the collision."

Appellant maintains that there is no evidence in the record to justify the verdict in the amount rendered by the jury. Appellant devotes a portion of his brief presenting the law of this state concerning the measure of damages for the destruction or damage to personal property. However, the law governing the measure of damage in this case is settled by the above instruction to which no exception was taken, and, in reviewing the evidence to determine its sufficiency to support the verdict, we must consider it in the light of the above instruction. Erickson v. Maccabees, 25 S. D. 183, 126 N. W. 259; Lallier v. Pacific Elevator Co., 25 S. D. 572, 127 N. W. 558; Nichols & Shepard Co. v. Marshall, 28 S. D. 182, 132 N. W. 791; State v. Blake, 62 S. D. 538, 255 N. W. 108.

Appellant further contends that the terms "reasonable value" and "reasonable market value" are synonymous, and that under the above instruction it was necessary in this case to establish the reasonable market value of the damaged automobile prior to the collision. For the purpose of this opinion only we concede this last contention of appellant. We are satisfied that the evidence of respondent establishes the reasonable market value of the car in an amount sufficient to justify the verdict of the jury.

The respondent in answer to the question, "What was the value of this Ford coupe that you owned on the 20th day of September, 1932, immediately prior to the collision?" (which ques-

tion was objected to and the answer was limited by the court to the "reasonable value") said: "Well, sir, it was worth $200.00 to me. I paid more than that for it. I traded more than that for it." On cross-examination this witness testified: "I will give $200.00 for any man who can bring up with as good a car as that is. If someone will bring me as good a car as that I will give him $200.00. That offer stands good until I get another car. I have got to have one. I am asking nothing more from these people than what they took away. I am not asking a cent more and I told Mr. Rice that and he offered me Seventy-five Dollars and I told him I did not want any money, that I wanted a car and he told me to go and look around and see if I could pick up a car and me and a friend of mine went to all these garages and the cheapest car we could pick up anything near like it at all was Two Hundred Twenty-five Dollars, and I sent him up to Mr. Rice and he told him they were not going to pay no such money as that." Appellant contends that the above evidence fails to establish the reasonable market value of the car; that such evidence only constitutes a statement by respondent that the car in question had a particular value to him in the amount of $200, and is not sufficient upon which to base the verdict. Conceding that prior to the cross-examination respondent had failed to establish the reasonable market value of this car, this omission, we are satisfied, was cured by the cross-examination. On cross-examination respondent testified that he and a friend went to "all these garages" for the purpose of buying a car similar to the one damaged, and that he could find no car similar to the damaged car for sale for anything less than $225. The term "market value," as applied to the fact situation here presented, must mean the sum for which respondent could reasonably and fairly purchase in the locality a car equivalent to the damaged car. When appellant testified on cross-examination that from his inquiry at these different garages he could find no car similar to the damaged car which could be bought for less than $225, this was evidence of the reasonable market value of the damaged car and sufficient evidence upon which the jury might base its verdict.

Appellant further contends that the value of this particular car to respondent was not admissible in evidence, and that it was error for respondent to testify that "it was worth $200 to

me." In view of the cross-examination, this error, if error, was without prejudice to appellant.

The judgment and order appealed from are affirmed.

All the Judges concur.