CITY OF SIOUX FALLS, Respondent

v. UGLAND, Appellant

(109 N.W.2d 144)

(File No. 9874. Opinion filed May 8, 1961)

**Anderson & Weisensee,** Sioux Falls, for Defendant and Appellant.

**John E. Burke,** Sioux Falls, for Plaintiff and Respondent.

ROBERTS, J. The defendant was found guilty in Municipal Court of the City of Sioux Falls of driving a motor vehicle while under the influence of intoxicating liquor in violation of an ordinance of that city. Trial was to a jury. From the judgment imposing a penalty of $300, sentence of 90 days in the county jail and prohibiting operation of a motor vehicle within the city for one year, defendant has appealed.

Appellant contends that his arrest was unlawful because the arresting officer had no warrant for his arrest; that evidence procured by the unlawful arrest was inadmissible as having been obtained in violation of the constitutional protection against unreasonable search and seizure; and that the evidence was insufficient to sustain a conviction.

About 9:30 p.m. on November 29, 1959, James R. Jorgenson of the Sioux Falls police force was notified of an accident near the intersection of 17th Street and Cliff Avenue. Upon his arrival at the scene of the accident, the officer found a Chevrolet automobile "on the parking * * * with the right front corner * * * smashed and * * up against a tree." The officer went to defendant's home. He found defendant sitting on a davenport and there were "lacerations on his face and a considerable amount of blood on the front of his jacket." The police officer testified that when defendant was asked to accompany him back to the scene of the accident he answered that he didn't know why he should; that witness explained that to complete an accident report it was necessary to obtain all the circumstances leading up to the accident; that defendant then replied that he would re-

turn with the officer; and that after completing his investigation at the scene of the accident and a written report witness and defendant went to the police depaitment. The police officer further testified:

"Q. And then was there any conversation about any kind of chemical test? A. Yes I asked the defendant if he would take a balloon test and he refused and I asked if he would take a blood test and he consented.

"Q. All right then after he consented to take a blood test where did you take him? A. McKennan Hospital.

"Q. And then when you got out to the hospital where did you go? A. Went to the emergency room.

"Q. And when you got to the emergency room what transpired? A. * * * Dr. Ong came into the room and gave a little attention to his lacerations and checked his upper right arm and then the blood test was administered to him.

"Q. Did Dr. Ong withdraw the blood? A. Yes sir."

The blood sample was thereafter analyzed and showed .25 per cent by weight of alcohol. Subsequently, about a month later, a complaint charging defendant with driving while under the influence of intoxicating liquor was filed. A warrant of arrest was thereafter issued and defendant was taken into custody.

Defendant filed a motion in the court below to suppress the results of the analysis of his blood on the ground that the means by which plaintiff came into possession of the blood sample was not an incident to a lawful arrest and constituted an unlawful, and therefore an unreasonable, search and seizure in violation of the state constitution, Section 11, Art. VI, which provides that "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures shall not be violated * * *." The court denied the motion.

Defendant argues that the evidence in question should have been suppressed as inadmissible under the decision of this court in State v. Gooder, 57 S.D. 619, 234 N.W. 610. The so-called federal exclusionary rule of illegally obtained evidence was adopted in that case. Subsequent to the Gooder case, a statute was enacted in effect modifying such exclusionary rule. Section 2, Chap. 96, Laws 1935; State v. Lane, 76 S.D. 544, 82 N.W.2d 286; State v. Poppenga, 76 S.D. 592, 83 N.W.2d 518. However, as will presently appear we do not have before us the admissibility of evidence illegally seized.

Plaintiff agrees with defendant that if there was in fact an arrest of defendant immediately following the accident, the arrest at night for a lesser offense than a felony not committed in the presence of the arresting officer was unlawful. See SDC 1960 Supp. 34.1604; 34.1609. It is contended by the plaintiff that accused voluntarily and expressly consented to the taking and analysis of the blood sample.

■ The circumstances under which the blood sample was taken clearly appear from the record. If it be assumed, without so deciding, that procurement of the evidence as to alcoholic content of the blood without consent would have constituted illegal search and seizure entitling defendant to suppression of such evidence, it cannot be held that the court erred in denying the motion to suppress. Defendant voluntarily submitted to the taking and analysis and waived the constitutional right upon which he relies. Stevens v. State, Ind., 158 N.E.2d 784; State v. Resler, 262 Wis. 285, 55 N.W.2d 35; State v. Morkrid, Iowa, 286 N.W. 412; see annotation in 25 A.L.R.2d 1407.

■ The trial court instructed the jury "that the law of the State of South Dakota with reference to evidence of a test taken by chemical analysis provides that in any prosecution for a violation of the law prohibiting a person from driving while under the influence of intoxicating liquor the amount of alcohol in the defendant's blood at the time alleged as shown by chemical analysis of the

defendant's blood,. urine, breath or other bodily substance shall give rise to the following presumptions * * * (3) If there was at that time 0.15 per cent or more by weight of alcohol in the defendant's blood it shall be presumed that the defendant was under the influence of intoxicating liquor * * *." The instruction was based upon the provisions of SDC 1960 Supp. 44.0302-1. This instruction not excepted to became the law of the case. Lallier v. Pacific Elevator Co., 25 S.D. 572, 127 N.W. 558; State v. Blake, 62 S.D. 538, 255 N.W. 108. The blood test showed a .25 per cent by weight of alcohol and sufficient in amount under the statute to create a presumption of intoxication. We find no reversible error in the course of the **trial** and the evidence was sufficient under the instruction to sustain the verdict of the jury.

The judgment appealed from is affirmed.

All the Judges concur.