## STATE v. ARCHER.

To constitute an assault, defined by Rev. Pen. Code, § 310, as any wilful and unlawful attempt or offer, with force or violence, to do a corporal hurt to another the attempt or offer to do a corporal hurt to another must be without the consent of the latter, and under such circumstances as to cause a well-founded apprehension of immediate peril.

Under Rev. Pen. Code, §§ 297, 298, 310, defining an "assault" as any wilful and unlawful attempt, with force or violence, to do a corporal hurt to another, and providing that an "aggravated assault" must be perpetrated with the intent to commit a felony, an information that accused feloniously assaulted a married woman with intent to have unlawful voluntary sexual intercourse with her, does not charge an assault with intent to commit a felony, since, if the unlawful act had been committed, both parties would have been guilty of adultery, under section 338, which requires the concurrence of consenting parties.

(Opinion filed, April 9, 1908.)

Error to Circuit Court, Spink County. Hon. CHAS. S. WHITING, Judge.

Leo Archer was convicted of assault with intent to commit a felony, and he appeals. Reversed and remanded.

*Wm. Issenhuth,* for plaintiff in error. *S. W. Clark,* Atty. Gen., and *Roy T. Bull,* State's Atty., for the State.

FULLER, J.   For an assault with intent to commit a felony plaintiff in error was sentenced to the pententiary for a term of one year at the conclusion of his trial under an information which, omitting formal requisites, reads as follows: "That at said time and place said Leo Archer wilfully, unlawfully, and feloniously did an assault make upon the person of one Bertha Ligenfelter, with the intent then and there to have unlawful voluntary sexual intercourse with the said Bertha Ligenfelter, said Leo Archer being then and there a single man, and the said Bertha Ligenfelter being then and there a married person of the opposite sex, and not being then and there the wife of said Leo Archer." That the facts stated in the information do not constitute a public offense was an issue of law presented below by a demurrer, and no other question requires consideration in this court.

As defined by our statute, an assault is "any wilful and unlawful attempt or offer, with force or violence, to do a corporal

hurt to another," and the aggravated assault, punishable by imprisonment in the penitentiary, must be perpetrated with the intent to commit a felony. Rev. Pen. Code, §§ 297, 298, 310. To constitute such an assault, the attempt or offer to do a corporal hurt to another must be without his consent and under such circumstances as to cause a well-founded apprehension of immediate peril. One who assaults or whips another at his request, "or with his consent does any other act which under ordinary circumstances would amount to an indictable battery, commits no crime." 1 Bish. Cr. L. 260. Had plaintiff in error committed the intended act with the married woman named in the information, the offense would constitute adultery, of which both would be equally guilty under section 338 of the Revised Penal Code; but the crime requires the concurrence of consenting parties, and is not within the class of felonies susceptible of an aggravated assault. From the syllabus by the court in the case of People v. Bransby, 32 N. Y. 525, in which many English divisions are excerpted as supporting authority, we quote as follows: "A criminal conviction for an assault cannot be sustained where no battery has been committed, and none attempted, intended, or threatened, by the party accused. It is indispensable to the offense that violence to the person be either offered, menaced, or designed. There is no exception to this rule in the case of an indignity offered to a female, where she is a consenting party to an act involving her own dishonor." "An assault implies force upon one side, and repulsion, or at least want of assent, upon the other. An assault, therefore, upon a consenting party, would seem to be a legal absurdity." Smith v. State, 12 Ohio St. 466. "One violating a woman's chastity, thereby committing an act immoral and in some states indictable, does not assault her, if what he does is with her consent." 2 Bish. Cr. L. 35. The intended felonious act described in the information being essentially voluntary and wholly at variance with the statutory suggestion of "force or violence," so the evidence admitted in support of the charge was of necessity repugnant to every ingredient of an assault, and there was nothing to justify the verdict of guilty.

As the demurrer should have been sustained, the judgment of the trial court is reversed, and the case remanded with the direction that the information be dismissed.