[Crim. No. 261.   Third Appellate District.—September 4, 1914.]

THE PEOPLE, Respondent, v. JACK AKENS, Appellant.

CRIMINAL LAW—CHARGING RAPE UPON FEMALE UNDER AGE OF CONSENT—CONVICTION OF ASSAULT TO COMMIT RAPE.—A verdict of guilty of assault with intent to commit rape is without the scope of an information charging an act of sexual intercourse with a female under the age of consent.

ID.—ATTEMPT TO COMMIT RAPE—FEMALE UNDER AGE OF CONSENT.—In a prosecution under such information it is error to instruct the jury that if the defendant attempted to rape the prosecutrix but failed in accomplishing his purpose, he may be found guilty of an assault with intent to commit rape.

ID.—ASSAULT TO COMMIT CRIME—ATTEMPT TO COMMIT CRIME.—An "assault" with intent to commit crime necessarily embraces an "attempt" to commit the crime, but the "attempt" does not necessarily include an "assault."

ID.—EXAMINATION OF DEFENDANT BY PHYSICIAN.—In a prosecution for rape the defendant cannot be required to submit to an examination by a physician.

ID.—VIEW OF PREMISES—JURY TO BE ACCOMPANIED BY JUDGE AND DEFENDANT.—If in such prosecution the jury should be sent to view the premises where the crime was committed, they should be accompanied by the judge and by the defendant if he desires to go.

APPEAL from a judgment of the Superior Court of Butte County and from an order refusing a new trial. H. D. Gregory, Judge.

The facts are stated in the opinion of the court.

J. Oscar Goldstein, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—Defendant was charged with having had carnal intercourse with a female under the age of consent and he was convicted of "assault with intent to commit rape." Several reasons are urged by appellant for reversal but the most serious question, which is not discussed or suggested at all, is whether the verdict is within the scope of the information—in other words, whether the defendant was convicted of a different crime from that charged against him.

The charging part of the information is that "The said Jack Akens did on or about the 12th day of May, A. D. 1913, at Butte County and state of California, and before the filing of this information, wrongfully, unlawfully, willfully and feloniously accomplish an act of sexual intercourse with one Nora Heckart, the said Nora Heckart being then and there a female under the age of sixteen years, to wit, of the age of eleven years, and not being then and there the wife of the said Jack Akens." It is thus to be seen that the element of *force* is not charged, as indeed it is not required to constitute the offense of *rape* on the person of a female under the age of consent. The crime of *assault* with intent to commit rape necessarily implies, however, the use of *force* and *violence* and negatives the idea of consent upon the part of the victim. Of course, if the defendant had been charged with rape on the person of an adult the element of force would have been included in the charge and thus the information would have comprehended the crime of which he was convicted. Or, if the defendant had been convicted of an "attempt to commit rape" we could say that it was covered by the charge because every crime includes an attempt to commit said crime. But "an assault implies repulsion or at least want of consent on the part of the person assaulted." (*People* v. *Dong Pok Yip*, 164 Cal. 146, [127 Pac. 1032].) An "assault" with intent to commit a crime necessarily embraces an "attempt" to commit said crime but said "attempt" does not necessarily include an "assault." This distinction

was overlooked by the court in giving the following instruction: "You are instructed that if you believe to a moral certainty and beyond all reasonable doubt that Jack Akin attempted to rape Nora Heckart but did not succeed in accomplishing sexual penetration then you may find him guilty of an assault with intent to commit rape."

The instruction was given upon the supposed authority of *People* v. *Gardner,* 98 Cal. 127, [32 Pac. 880], but in that case as is stated by the supreme court, "The defendant was convicted of an attempt to commit rape, and not of the offense of an *assault* with intent to commit rape for which provision is made by section 220 of the Penal Code. There is a distinction between these offenses, and the facts required to prove an attempt are not necessarily sufficient to prove an assault with intent."

A case directly in point is *State of Nevada* v. *Pickett,* 11 Nev. 255, [21 Am. Rep. 754]. In the opinion, written by the late Chief Justice Beatty of this state, who was then an associate justice of the supreme court of Nevada, it is said: "The common law definition of rape is 'the carnal knowledge of a woman forcibly and against her will.' (4 Blackstone's Commentaries 210.) The same definition is adopted by our statute. (Comp. Laws, sec. 2350.) Under this definition, an assault is a necessary ingredient of every rape, or attempted rape. But it is not a necessary ingredient of the crime of carnally knowing a child under the age of twelve years, with or without her consent, which is defined in the latter part of the section, and which is called rape. It is obvious that here are two crimes differing essentially in their nature though called by the same name. To one force and resistance are necessary ingredients, while to the other they are not essential; they may be present, or absent without affecting the criminality of the fact of carnal knowledge. . . . By virtue of the provisions of sections 2464 and 2037 this defendant might have been convicted of an 'attempt to commit rape' even if the child consented to all he did; but it was error to instruct the jury that he could be convicted of 'assault with intent,' etc., in that case. There can be no assault upon a consenting female, although there may be what the statute designates a rape." The case was reversed for the error of the court in giving an instruction similar to the one given herein as above set out.

The same criticism might be made of the instruction given here but in addition we think the verdict does not respond to the averments of the information. This is not a technical objection but it goes to the fundamental right of the defendant to be formally charged with the crime of which he may be convicted.

In the event of a new trial the alleged errors discussed by counsel will probably not appear again. However, it may be stated that the defendant cannot be required, against his consent, to submit to an examination by a physician, and if the jury should be sent to view the premises they should be accompanied by the judge and the defendant if he desires to go.

For the reason stated we think the judgment and order should be reversed and it is so ordered.

Chipman, P. J., and Hart, J., concurred.