[Crim. No. 265.   Third Appellate District.—October 31, 1914.]

## THE PEOPLE, Respondent, v. ROBERT DRENNAN, Appellant.

CRIMINAL LAW—RAPE—CRIME AGAINST FEMALE UNDER AGE OF CONSENT—VERDICT JUSTIFIED.—In this prosecution for rape, alleged to have been committed upon a female under the age of eighteen years, it is held that, from a careful examination of the testimony, the instructions and the rulings of the court on questions involving the admissibility and nonadmissibility of certain testimony, it appears that the defendant was in all respects given a fair and legal trial and that the verdict was justified.

ID.—LACK OF CONSENT OF PROSECUTRIX—CONVICTION OF ASSAULT WITH INTENT TO COMMIT RAPE—SUFFICIENCY OF EVIDENCE.—In such a case, where, although the prosecutrix was but a little over eight years of age, she protested against the conduct of the defendant which formed the basis of the charge in the information, from such testimony the jury were justified in finding that the defendant's acts were against the consent of the prosecutrix, and such finding, together with a finding that the defendant actually attempted to have sexual intercourse with the child, if, indeed, he did not succeed in doing so, is a sufficient predicate of the conclusion reached by the jury that the crime committed by the accused was that of an assault with intent to commit rape.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order refusing a new trial. N. D. Arnot, Judge presiding.

The facts are stated in the opinion of the court.

J. M. Inman, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant was charged by information filed in the superior court of Sacramento County with the crime of rape upon a female under the age of eighteen years, and upon a trial for said offense was convicted of the crime of assault with intent to commit rape. He appeals from the judgment and the order denying him a new trial.

The record before us consists entirely of the clerk's transcript embracing the minutes of the court, the instructions, verdict, etc., and a transcript of the testimony. No briefs on behalf of either the appellant or the respondent have been filed, nor was the cause orally argued.

We have, however, taken the pains to examine the testimony, the instructions, and the rulings of the court upon questions involving the admissibility and nonadmissibility of certain testimony, to the allowance of which objections were made and exceptions reserved, and our conclusion is that the defendant was in all respects given a fair and legal trial, and that the verdict appears to be justified.

The record discloses that, although the prosecutrix was but a little over eight years of age, she protested against the conduct of the defendant which formed the basis of the charge in the information. From this testimony the jury were justified in finding that the defendant's acts were against the consent of the prosecutrix, and such finding, together with the finding that the defendant actually attempted to have sexual intercourse with the child, if, indeed, he did not succeed in doing so, is a sufficient predicate of the conclusion reached by the jury that the crime committed by the accused was that of an assault with intent to commit rape. (*People v. Akens*, 25 Cal. App. 373, [143 Pac. 795].)

The judgment and order are affirmed.

Chipman, P. J., and Burnett, J., concurred.