[Crim. No. 395.    Third Appellate District.—March 9, 1917.]

In the Matter of the Application of ROBERT DRENNAN for a Writ of Habeas Corpus.

CRIMINAL LAW—RAPE—CONVICTION OF ASSAULT TO COMMIT CRIME— EVIDENCE—APPEAL—HABEAS CORPUS.—A judgment of conviction of an assault to commit rape, which is not void on its face, cannot be nullified in a proceeding on *habeas corpus,* even though error was committed in admitting evidence of force under the information which charged statutory rape, as the remedy for the correction of such error is by appeal.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal for the Third Appellate District.

The facts are stated in the opinion of the court.

33 Cal. App.—13

Robert F. Drennan, *in pro. per.,* for Petitioner.

THE COURT.—The petition for the writ must be denied. Inasmuch as the petitioner is confined in the penitentiary, is not represented by counsel, but has, *in propria persona,* made this application and is not an attorney, it is deemed proper to state briefly the ground of our refusal to grant the application or to issue the writ.

The petitioner was convicted of and is now undergoing punishment for the crime of an assault to commit the crime of rape. He claims that the judgment of conviction was and is void because the crime of which he was found guilty was not within the crime charged in the information. The point is that he was therein charged with statutory rape or carnally knowing a female incapable under the law of consenting to such an act, in which case force is not a necessary element and which, where committed even with the actual consent of the female, is, under the law, a crime, and that, therefore, an assault is not a necessary ingredient of the crime. He cites and relies on the case of *People* v. *Akens,* 25 Cal. App. 373, [143 Pac. 795].

We considered this precise question when the petitioner's case was before this court on appeal. (*People* v. *Drennan,* 25 Cal. App. 645, [145 Pac. 106].) The case was not argued before this court either orally or by briefs, but it was submitted on the record. We, nevertheless, examined the record, although, under the rule, we would have been authorized and justified in dismissing the appeal without any consideration of the record. In the opinion therein filed, however, we stated that there was disclosed by the record evidence tending to show that the female child upon whom the crime was alleged to have been committed objected to and protested against the conduct of the defendant, and from this testimony we said the jury were warranted in finding that there was an assault, and that the verdict as returned was, therefore, sustainable, notwithstanding that the prosecutrix was under the age of consent. In this connection, we cited the case of *People* v. *Akens,* 25 Cal. App. 373, [143 Pac. 795], relied upon by the petitioner.

Whether testimony showing that the crime charged or the attempt to commit said crime was accompanied by force and against the will of the prosecutrix was inadmissible under the

information, was not pointed by the defendant when his case was before us on appeal. But whether it was or was not inadmissible, is a question which cannot be reviewed or considered to any purpose in a proceeding on *habeas corpus.* The remedy for the correction of errors occurring in the course of the trial of a case, either criminal or civil, lies wholly in an appeal, unless the judgment is absolutely void upon its face, in which case it may be nullified through the operation of a jurisdictional writ; but where it is not void upon its face it is conclusive against the party against whom it is rendered until it is set aside on appeal for errors occurring at the trial. The judgment of conviction against the petitioner is not void upon its face, and the error of which he complains cannot be reviewed in a proceeding of this character.

The petition must, as stated, be denied, and it is so ordered.