State v. Kelley.

-----

No. 28,187.

The State of Kansas, *Appellee*, v. Charles Kelley, *Appellant.·*

(265 Pac. 1109.)

SYLLABUS BY THE COURT.

1. Rape—*Attempt to Commit Rape—Information.* An information charging an attempt to rape examined and held not fatally defective. .

2. Criminal Law—*Competency of Evidence—Letters Unlawfully Obtained.* Evidence, otherwise competent, is not rendered incompetent by the fact that it was unlawfully obtained.

3. Rape—*Degrees of Offense—Simple Assault.* Simple assault is not a lesser degree of the offense of rape, or of attempt to rape, as defined by R. S. 21-101, 21-424.

Appeal from Shawnee district court, division No. 2; George H. Whitcomb, judge. Opinion filed April 7, 1928. Affirmed.

*Dennis Madden,* of Topeka, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, *Paul H. Heinz,* county attorney, *Edward Rooney* and *Ralph W. Oman,* assistant county attorneys, for the appellee.

The opinion of the court was delivered by

Harvey, J.: Charles Kelley was found guilty of attempt to rape. He has appealed and contends that the information was fatally defective, that certain evidence was improperly received, and that there was error in the instructions given.

Criminal Law, 16 C. J. p. 570 n. 84. Rape, 33 Cyc. pp. 1446 n. 49, 1503 n. 20.

The information was drawn, in part, under R. S. 21-101, which provides:

"Every person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act toward the commission of such offense but shall fail in the perpetration thereof . . ."

The information charged that defendant did "attempt to rape . . . by forcibly assaulting and attempting to ravish" a named female person who was more than eighteen years of age. It is contended that the information does not set forth the "act toward the commission of the offense" which the defendant did. Reliance is had on *State v. Frazier*, 53 Kan. 87, where an information was held fatally defective for failure to "set forth any physical act or acts done toward the commission of the offense." But there the explanatory part of the charge was a mere repetition of the principal charge of attempt. Here there is a specific charge that the attempt to rape was accomplished by a forcible assault. It is true these words are general and might include any one or more specific acts, and the information would have more nearly complied with the statute if one or more of them had been specifically described. The term "forcibly assault" is, however, necessarily descriptive of an act or of acts. While the information is defective in that it describes the acts in general terms instead of describing them specifically, we do not regard that fact in this case as being prejudicial to the defendant. Here there had been a preliminary examination, at which the complaining witness had testified. Defendant, therefore, knew the specific acts complained of. We do not mean to refer to the preliminary examination for the purpose of testing the sufficiency of the information, but in determining whether or not the defect of the information was prejudicial to defendant we can, of course, look to the entire record, or any part of it bearing on the point. In this case defendant knew before the information was filed the specific acts charged against him, hence the fact that the information charged them in general terms did not prevent him from making his defense, and constituted no prejudicial error as to him. There was no material error in overruling the motion to quash the information.

When defendant was arrested, or soon thereafter, certain letters were taken from his room which tended to show that he had conducted correspondence with other women under the assumed name he used in making his acquaintance with the complaining witness. It is contended these letters had been unlawfully obtained and

should have been returned to defendant upon timely request, which was made before trial. The fact that these letters had been unlawfully obtained would not prevent their being received in evidence, if they were otherwise competent. (*State v. Johnson,* 116 Kan. 58, 226 Pac. 245, and cases there cited.)

Appellant contends that the court should have instructed the jury on simple assault, although no request for such an instruction was made. The contention is that simple assault is a lesser degree of the offense charged, and that it is the duty of the court, on its own motion, to instruct on lesser degrees of offenses. (R. S. 62-1444, 62-1502.) This is not a prosecution under R. S. 21-434. It is under R. S. 21-101 and 21-424. Simple assault is not a degree of that offense; the only offenses under these sections are rape and attempt to rape. Other criticisms of instructions given are considered and found to be without substantial merit.

The judgment of the court below is affirmed.