[Crim. No. 1479.   First Appellate District, Division Two.—August 4,
1928.]

In the Matter of PASKIE PASSERELLO, on Habeas
Corpus.

Ernest Spagnoli and Wm. F. Herron for Petitioner.

U. S. Webb, Attorney-General, and William F. Cleary,
Deputy Attorney-General, for Respondent.

NOURSE, J.—Petitioner was tried on an information framed in two counts—burglary and grand larceny. The jury rendered its verdict finding him guilty on both counts and fixing the degree of burglary under the first count as of the first degree. The trial judge, in entering judgment, sentenced the petitioner on both counts in accord with the verdict of the jury, but appended an order purporting to find that petitioner was guilty of burglary in the second degree. An appeal was taken from the judgment and af-

firmed in *People* v. *Sugarman and Passarello,* 80 Cal. App. 321 [251 Pac. 949]. The board of prison directors thereupon fixed the term of petitioner's sentence as one year upon the grand larceny count and eight years on the burglary count. The petitioner sues out this writ seeking his release from the state penitentiary on the ground that the judgment under which he is confined is void because the act of burglary upon which he was convicted was in fact burglary of the second degree; that the verdict of the jury finding him guilty of first degree burglary was, therefore, not supported by the evidence; and that the trial judge was without jurisdiction to reduce the degree of the crime from that found by the jury.

All the points raised on this application were raised before the district court of the second district on the appeal from the judgment. It was there held on the authority of the rule cited in 16 C. J., page 1303, that where the trial court is of the opinion that the evidence does not support the verdict rendered but does support a conviction of a lesser offense necessarily included in the other, the court has power to impose sentence for the lesser offense on the theory that, by the verdict of guilty of the greater offense, the jury decided that the defendant was guilty of the lesser. Numerous authorities were cited in support of the rule, but it was pointed out in the opinion that no California case had covered the subject.

After the opinion on that appeal had been rendered, and after the judgment therein had become final, the supreme court in *People* v. *Superior Court,* 202 Cal. 165 [259 Pac. 943, 945], held that the trial judge was without power to reduce a verdict of first degree murder, without recommendation, to one carrying a penalty of life imprisonment, but that, in such a case he should either enter judgment on the verdict as rendered by the jury or grant a new trial.

Though the latter case has established a rule in this state contrary to the rule approved by the district court, the judgment of the latter court on the appeal is nevertheless a final judgment and the point raised is *res judicata* in so far as this petitioner is concerned. (*In re Booth,* 44 Cal. App. 660 [186 Pac. 841].)

So far as it appears from the record before us, the evidence in the trial below was sufficient to support the ver-

dict of first degree burglary. When, therefore, the trial judge reduced the verdict to second degree burglary he merely committed error, but such error was committed within his jurisdiction and is not reviewable on this proceeding because *habeas corpus* is not a writ of error.

No injustice is done the prisoner in remanding him to serve the remainder of the term fixed by the prison directors as that term is well within the maximum period fixed by law as punishment for the crime of burglary in the second degree at the time when petitioner's offense was committed.

The writ is dismissed and the prisoner is remanded.

Sturtevant, J., and Koford, P. J., concurred.