## TILLMAN *v*. STATE.

(Division A. Dec. 8, 1930.)

[131 So. 265. No. 29026.]

**J. F. Guynes**, of Hazlehurst, for appellant.

804

Edwin R. Holmes, Jr., Assistant Attorney-General, for the state.

Argued orally by **J. F. Guynes**, for appellant, and by **Edwin R. Holmes, Jr.**, Assistant Attorney-General, for the state.

**Cook, J.**, delivered the opinion of the court.

The appellant, Mellie Tillman, was indicted and convicted in the circuit court of Copiah county on a charge of attempt to rape one Maggie Hartley, a female child under the age of twelve years, and was sentenced to serve a term of five years in the state penitentiary, and from this conviction and sentence he prosecuted this appeal.

The indictment charged that the appellant did attempt to "willfully, unlawfully, feloniously and forcibly and against the will and consent of one Maggie Hartley, a female child of the age of eleven years, rape, ravish and carnally know and abuse the said Maggie Hartley, a female child aforesaid, who is under the age of twelve years . . . and did then and there do certain overt acts toward the commission of said offense, etc." The testimony as to the age of the female was conflicting, and in the state's instruction submitting the cause to the jury, all reference to the age of the injured female was omitted, and the jury was authorized to convict if the alleged acts were done forcibly and against her will, and appellant assigns as error the granting of this instruction, and the refusal of an instruction requested by him to the effect that "in no event can you convict the defendant unless you believe from the evidence that Maggie Hardy was in truth and in fact under the age of twelve years at the time of the alleged crime." Upon this point the contention of counsel for the appellant is that under the indictment a conviction can only be sustained upon proof, and a finding by the jury therefrom, that the injured female was under the age of twelve years, and in support of this contention he relies on the case of Bonner v. State, 65 Miss. 293, 3 So. 663, 664; but when the language of the opinion in that case is properly understood and applied to the facts there involved, we do not think it supports the contention of the appellant. Section 1122, Code of 1930, provides that: "Every person who shall be convicted of rape, either by carnally and unlawfully knowing a female child under the age of twelve years, or by forcibly ravishing any female of the age of twelve years and upward, or who shall have been convicted of having carnal knowledge of any female above the age of twelve years without her consent, by administering to her any substance or liquid which shall produce such

stupor or such imbecility of mind or weakness of body as to prevent effectual resistance, shall suffer death, unless the jury shall fix the imprisonment in the penitentiary for life, as it may do in case of murder." In the Bonner case, supra, the defendant was indicted on a charge of an attempt to "feloniously, violently, forcibly, and against her will, ravish and carnally know one Eveline Cook, a female." The proof showed that the female upon whom the attempt was made was a child under four years of age, but there was no proof that the act was done forcibly or without her consent, and against her will. The court held that under the first clause of the above-quoted statute it is an offense for any person to unlawfully have carnal knowledge of a female child under the age of ten years (now twelve years), whether by consent or not, and that to uphold a conviction under this clause it was necessary to allege and prove that the child was under the age of ten years, but it was unnecessary to charge and prove that the act was done forcibly and against her will. It was further held that under the second clause of this statute, rape, forcibly and against her will, may be committed on a female of any age, and that in an indictment under that clause of the statute it would no be necessary to allege or prove the age of the female, but it would be necessary to charge and prove that it was forcible and against her will, and the Bonner case was reversed on account of the failure to prove that the act was done forcibly and against the will of the female.

In the indictment in the case at bar an attempt to commit rape, forcibly and against the will of the injured female, was charged, and this sufficiently charges an offense under the second clause of the statute. Under the instruction of the court the state assumed and was required to carry the burden of proving that the acts were done forcibly and without the consent and against the

will of the female, and there was proof which authorized the jury in so finding, and where the rape, or attempted rape, is charged to have been forcible and against the will of the female, and the proof supports this allegation in the indictment, it is unnecessary to prove the age of the female.

The appellant next contends that there was a fatal variance between the allegations of the indictment and the proof, in that the name of the injured female was charged to be ''Maggie Hartley,'' while the proof showed that her name was ''Maggie Hardy.'' The record shows that there was no uncertainty as to the identity of the female, and that neither the appellant nor his attorney was misled by this error in name, and that no harm could have been done the appellant thereby. When it was developed in the proof that the correct name of the female was ''Maggie Hardy,'' the district attorney dictated to the stenographer a request to be permitted to amend the indictment so as to charge the correct name, but the stenographer's notes do not show any ruling of the court thereon. However, the case was tried on August 11, 1930, and the record shows that a formal written motion to amend the indictment was filed on that date, and in the order of the court, showing the submission of the cause to the jury and the return of the jury's verdict of guilty, there was included an order sustaining the motion to amend, and directing that where the name of Maggie Hartley appeared in the indictment it should be changed to Maggie Hardy. This was a sufficient compliance with the statutory requirements in reference to the amendment of indictments.

We find no reversible error in this record, and therefore the judgment of the court below will be affirmed.

Affirmed