STATE, Respondent, v. PEPKA, Appellant

(37 N. W.2d 189.)

(File No. 9007. Opinion filed April 23, 1949.)

**Sigurd Anderson,** Atty. Gen., **Charles P. Warren,** Asst. Atty. Gen. and **Frank S. Tait,** State's Attorney, of Milbank, for Plaintiff and Respondent.·

**Carl J. Eastvold,** of Ortonville, Minn., and **Thos. Mani,** of Milbank, for Defendant and Appellant.

RUDOLPH, J. SDC 13.0401 provides: "Every person who attempts to commit any crime and in such attempt

does any act toward the commission of such crime, but fails or is prevented or intercepted in the perpetration thereof, * * *" is guilty of a crime. Defendant was convicted of an attempt to commit rape upon a female under the age of eighteen years and has appealed to this court from the conviction. We shall state only such of the evidence as is necessary to an understanding of the alleged errors assigned by appellant. Such statement of the evidence will appear in the discussion of the various assignments.

▋ The information charges that the defendant committed the crime of an attempt to rape as follows: "That at the time and place aforesaid, the said defendant, Leo Pepka, did, then and there, knowingly, unlawfully, willfully, and feloniously, attempt to commit an act of sexual intercourse with a female, to wit, one Lois Pepka, the said Lois Pepka, not then and there being the wife of the perpetrator, Leo Pepka, and the said Lois Pepka then and there being under the age of eighteen years, to wit: of the age of between 13 and 14 years old." Under the liberalized rules of pleading in criminal actions adopted by our code, all technical forms of pleading are abolished. A defect in a pleading which does not affect a substantial right of the defendant upon the merits, must be disregarded. SDC 34.3002. The information is sufficient if the "offense charged is designated in such a manner as to enable a person of common understanding to know what is intended." SDC 34.3010. State v. Morse, 35 S. D. 18, 150 N. W. 293, Ann. Cas. 1918C, 570; State v. Sinnott et al., 72 S. D. 100, 30 N. W.2d 455; State v. Rasmusson, 72 S. D. 400, 34 N. W.2d 923. Appellant contends that the information fails entirely to allege any act toward the commission of the crime of rape. The information alleges that the defendant "knowingly, unlawfully, willfully and feloniously" attempted to commit an act of sexual intercourse with the girl who was under eighteen years of age. Under our liberalized rules of pleading we hold this is sufficient. The girl being under eighteen, there was no necessity, of course, of alleging any assault or force and violence. Here there is the specific charge that the attempt to have intercourse with the girl under eighteen was willful and

felonious, it therefore appears that the act attempted was a crime punishable by law. These words, willfully etc., are general and might include any one or more specific acts, however, we do not regard the generality of this information as being fatal. The record makes it clear that no substantial right of the defendant upon the merits was affected, and clearly the information is sufficient to enable a person of common understanding to know what was intended. See State v. Kelley, 125 Kan. 805, 265 P. 1109; Tillman v. State, 158 Miss. 802, 131 So. 265; Lewis v. State, 35 Ala. 380.

■ The trial court refused to submit to the jury the crime of assault as an included offense. SDC 34.3669 provides: "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or information, * * *." Our statute SDC 13.2401 defines an assault as "any willful and unlawful attempt or offer, with force or violence, to do a corporal hurt to another. * * *" The question presented is whether this crime of assault is "necessarily included" in the crime of an attempt to commit rape upon a girl under the age of eighteen years. Under the definition of an assault the attempt to do corporal hurt to another must be with "force or violence". State v. Archer, 22 S. D. 137, 115 N. W. 1075. Under the provisions of SDC 13.2801 the use of force or violence by the man is not an element of the crime of rape where the female is under the age of eighteen years. State v. Allison, 24 S. D. 622, 124 N. W. 747; State v. Fox, 72 S. D. 119, 31 N. W.2d 451. We are of the opinion, therefore, that the crime of assault as defined by our law is not an offense "necessarily included" in the crime charged by this information. See State v. Holm, 55 Nev. 468, 37 P.2d 821. We have given consideration to the case of State v. McLeavey, 157 Minn. 408, 196 N. W. 645, cited by appellant, and find it not in accord with the reasoning of our own cases, above cited.

■ The defendant requested an instruction as follows:

"You are instructed that the intent is the gist of the offense charged in the information in this case, and you are instructed that every laying on of hands upon a female un-

der the age of consent, even though improper, does not necessarily imply an intent to have sexual intercourse. Indecent liberties may be taken with a child without any such intent. There must be some circumstances in the case as will demonstrate the purpose and intent of the party charged to have carnal knowledge of the female under the age of consent."

This requested instruction is clearly faulty because it fails to instruct that the taking of such indecent liberties might be considered with all the other evidence in the case in determining the intent of the defendant. The jury might have believed from the instruction as worded that it was prohibited from considering the indecent liberties, if taken, in determining defendant's intent. In the case of State v. Perkins, 31 S. D. 447, 141 N. W. 364 cited by appellant there was, as stated by the court, "an entire absence of facts indicating an intent on the part of the defendant to commit the offense charged. * * *" Because of this absence is was held that mere proof that defendant took unwarranted liberty with the person of a child was not sufficient to prove intent. In this case as will be indicated in this opinion there is not that absence of facts that there was in the cited case. An instruction advising the jury that indecent liberties might be taken with a child without an intent to commit sexual intercourse, should not have been given in this case unless qualified by the addendum that the taking of such liberties might be considered with all other facts in the case in determining the intent of the defendant. The instructions as a whole fairly advised the jury as to the issues presented; the jury was definitely instructed that it must find "from the evidence beyond all reasonable doubt that the defendant, Leo Pepka, intended to have sexual intercourse with Lois Pepka." There was no error in refusing the instruction as proposed.

■ The appellant questions the sufficiency of the evidence to sustain the conviction. It is contended that the evidence fails to disclose that defendant committed any act toward the commission of rape. It is the law of this state that to constitute an attempt under our statute some act

must be done in execution of the criminal design. Mere preparation is not sufficient. State v. Wood, 19 S. D. 260, 103 N. W. 25. No beneficial purpose would be served by setting forth in this opinion the sordid details disclosed by the evidence. Sufficient to say is that testimony subject of belief by the jury discloses that defendant, who had been drinking, was in the house with the girl in the nighttime in the absence of the girl's mother, that defendant took indecent liberties with the girl, removed the lower part of her pajamas, undressed himself and had the girl in bed with him when the girl's mother returned. We are not going to detail other specific acts testified to by the girl, which in our opinion, leave no doubt as to the design of the defendant. The authorities and the texts generally agree that it is often difficult to determine when mere preparation to commit a crime ends, and when the act toward the commission of the crime begins. Each case must be determined by its own facts and circumstances. We are in accord with the view that where the design is shown "courts should not destroy the practical and common sense administration of the law with subtleties as to what constitutes preparation and what an act done toward the commission of a crime. * * *" 14 Am. Jur., Criminal Law, § 68, State v. Roby, 194 Iowa 1032, 188 N. W. 709. We hold that taking the girl in bed with him under the conditions above recited in itself was something more than mere preparation and constituted an act toward the commission of the crime.

■ Appellant complains of the rulings of the trial court in sustaining the state's objections to certain questions asked the girl, but the testimony sought to be elicited by these questions went into the record later without objection, and no prejudice resulted from the court's rulings.

We have considered the entire record and can come to no other conclusion than that defendant was fairly tried and fairly convicted. The jury elected to believe the testimony of the state, and this evidence in our opinion is amply sufficient to sustain the essentials of an attempt to commit rape, viz., an intent and an overt act which tends directly toward but falls short of actual commission.

The judgment appealed from is affirmed.

SMITH, P. J., and ROBERTS and SICKEL, JJ., concur.

HAYES, J., concurs in result.