[Crim. No. 8864.   Second Dist., Div. Four.   Dec. 27, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. AL WARREN, JR., Defendant and Appellant.

James A. Irwin, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gordon Ringer, Deputy Attorney General, for Pláintiff and Respondent.

JEFFERSON, J.—Defendant was charged with a violation of Penal Code section 244, assault with a caustic chemical. The information also alleged two prior felony convictions, felonious assault and violation of Penal Code, section 447a. Defendant pleaded not guilty and denied the prior convictions. Trial was by the court and by stipulation the cause was submitted upon the proceedings had at the preliminary hearing. The court found defendant guilty of assault by means of force likely to produce great bodily injury in violation of Penal Code section 245, an offense which the court found to be a lesser and necessarily included offense within the offense originally charged. The prior felonious assault conviction was stricken on motion of the People and no finding was made by the court on the second alleged prior conviction. Probation was denied and defendant was sentenced to the state prison for the term prescribed by law. Defendant appeals from the judgment of conviction.

On the afternoon of September 6, 1962, Worth Moore (the victim), was standing with several other men in front of the Irish Café, which is located in Los Angeles. As defendant approached Moore from the rear, he "pulled back" Moore's coat collar, poured "something" down his back, causing a burning sensation, and then walked away. Moore was hospitalized with burns on his neck and back. The coat he was wearing at the time of the incident was given to the crime laboratory of the Los Angeles Police Department for examination. A forensic chemist, who cut and examined a sample of the material on the back of the coat, "out of an area that had been destroyed by something," testified that it contained a caustic chemical, probably sodium hydroxide, which is the basic constituent of common household lye. Moore testi-

fied that he had seen defendant "around" the Irish Café before the time of the incident and had spoken to him, but that they had never had any arguments.

Defendant contends that the offense of which he was convicted, namely, assault by means of force likely to produce great bodily injury, is not an offense necessarily included within the offense of which he was charged, namely, assault with a caustic chemical.

The respondent filed a document, in lieu of a brief on appeal, entitled, "Respondent's Memorandum," in which it is conceded that the crime of assault by means of force likely to produce great bodily injury is not an offense included in the original charge. We agree.

Section 244 of the Penal Code (assault with a caustic chemical), of which defendant was accused, reads as follows:

"Every person who willfully and maliciously places or throws, or causes to be placed or thrown, upon the person of another, any vitriol, corrosive acid, or caustic chemical of any nature, with the intent to injure the flesh or disfigure the body of such person, is punishable by imprisonment in the State Prison not less than one nor more than fourteen years."

Penal Code section 245, the crime of which he was convicted, provides in part as follows:

"Every person who commits an assault upon the person of another with a deadly weapon or instrument or by any means of force likely to produce great bodily injury is punishable by imprisonment in the State prison not exceeding ten years, or in a county jail not exceeding one year, or by fine not exceeding five thousand dollars ($5,000), or by both such fine and imprisonment."

A lesser offense is said to be necessarily included in a greater offense only when all of the legal ingredients making up the corpus delicti of the lesser offense are included in the elements making up the corpus delicti of the greater offense. If any element necessary to establish the corpus delicti of the lesser offense is irrelevant to the proof of the greater offense, the lesser is not included. (*People* v. *Whitlow*, 113 Cal.App. 2d 804, 806-807 [249 P.2d 35].)

In a leading case, *People* v. *Day*, 199 Cal. 78, the court stated (at pp. 85-86 [248 P. 250]): "An analysis of the two code sections [§§ 244 and 245] ... demonstrates that the elements requisite for a conviction under section 244 of the Penal Code are not identical with the elements required under section 245. Section 244 requires proof of the fact

that the acid actually touched the person of another.  No proof is required by section 245 that the means or force likely to produce great bodily injury was actually exerted against the person of another. Under section 244 the defendant could not be found guilty of the specific offense if the attempt to throw or place acid upon the person of another failed of fruition. Under section 245 the defendant would be guilty although the assault was not actually consummated. By section 245 proof is required that the means or force used must be likely to produce *great* bodily injury.  While it may oftentimes happen that the throwing of the acids described by section 244 of the Penal Code would have the result of producing great bodily injury, the fact that it does so, or even that it will have the properties of doing so, is not required by said section. The crime is complete if any quantity of acid so described, however small in quantity or however weak in strength and however incapable of producing great bodily harm, is thrown or placed upon the person of another, if done wilfully and maliciously with the intent to injure the flesh or to disfigure to the slightest extent the body of another.  It is apparent, therefore, that the two crimes as designated and described by the two sections of the Penal Code are separate and distinct offenses although they may well arise out of the same transaction.'' (199 Cal. 78, 85-86.)

 Since defendant was convicted of an offense which differs from and is not ''necessarily included'' in the offense of which he was charged, the judgment cannot stand. (*People* v. *Akens,* 25 Cal.App. 373 [143 P. 795].)

Judgment of conviction is reversed.

Burke, P. J., and Kingsley, J., concurred.