959 F.2d 239
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerald CHAVIS, Petitioner-Appellant,
v.
COUNTY OF LOS ANGELES; Attorney General of California;
Superior Court of the State of California for the
County of Los Angeles, Respondents-Appellees.
 No. 91-55544.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided April 1, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerald Chavis, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 Chavis, who was convicted of assault with a caustic chemical in violation of California Penal Code § 244, alleges that the state court subjected him to double jeopardy by enhancing his sentence under California Penal Code § 12022.7 for infliction of great bodily injury. He asserts that his enhanced sentence violates the double jeopardy clause because "great bodily injury" is necessarily an element of assault with a caustic chemical.
 
 
 4
 The district court properly determined that "great bodily injury" is not an element of assault with a caustic chemical under section 244. See Cal.Penal Code § 244; People v. Warren, 223 Cal.App.2d 798, 800-01, 36 Cal.Rptr. 127, 129 (1963). Accordingly, enhancement under section 12022.7 does not violate the double jeopardy clause. See Gryger v. Burke, 334 U.S. 728, 732 (1948); May v. Sumner, 622 F.2d 997, 998-99 (9th Cir.1980).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3